Williams *v.* Keller.

---

## THOMAS H. WILLIAMS, *et al.*, RESPONDENTS, *v.* JOHN W. KELLER, APPELLANT.

DISCRETION AS TO CHANGE OF PLACE OF TRIAL.  As a general rule, the matter of change of place of trial is within the discretion of the Court; but when the motion to change is made on the ground of the residence of defendant, (Practice Act, Sec. 20) there is no room for the exercise of discretion.

DEFENDANT'S RIGHT OF TRIAL AT HIS RESIDENCE.  A defendant who comes within the purview of Sec. 20 of the Practice Act is entitled, as a matter of right, to have an action against him tried in the county of his residence; the statute is peremptory.

CONVENIENCE OF WITNESSES.  Where a suit to recover money was brought in Storey County, against a resident of White Pine County, and defendant moved on the ground of his residence to change the place of trial to White Pine County: *Held*, that he had an absolute right, under the Practice Act, (Sec. 20) to the change, and that counter affidavits to retain the case on account of the convenience of witnesses constituted no defense and could not be considered.

"MOTION TO RETAIN PLACE OF TRIAL."  There cannot properly be any such practice as an affirmative motion to retain a cause for trial; everything usually called so is only matter of defense to a motion for a change.

CONTESTING DEFENSE NO WAIVER OF RIGHT TO CHANGE OF PLACE OF TRIAL.  Where a defendant in a proper case moves to change the place of trial to the county of his residence, he has an absolute right to such change; and the mere fact that he files counter affidavits and contests an effort to retain the cause on the ground of convenience of witnesses, will not amount to any waiver of his right.

WAIVER NOT PRESUMED EXCEPT IN CLEAR CASE.  The legal presumption of a waiver of any right by a litigant will not be drawn except in a clear case, and especially not when to allow such a presumption would be to deprive a party of his day in Court.

EFFECT OF MOTION TO CHANGE PLACE OF TRIAL FOR RESIDENCE.  Where a defendant in a proper case moves to change the place of trial to the county of his residence, the Court is by force of his motion ousted of all jurisdiction in the cause, except to decide upon the proposition of his residence at the time of the commencement of the action, and to transfer the case.

APPEAL from the District Court of the First Judicial District, Storey County.

The action was by Thomas H. Williams and David Bixler, attorneys at law in Virginia City, to recover one thousand five hundred and fifty dollars in legal tender notes for legal services, being ten per cent. agreed to be paid on moneys received by defendant on certain indebtedness held by him against Virginia City.

*Mitchell & Stone*, for Appellant.

I.   Defendant had a right to have the action tried in the county of his residence.   Upon the application made, the Court ought not to have considered any matter or thing other than the question of residence, because that alone was the subject of consideration. The California authorities upon this question are inapplicable, for the reason that our statute (Sec. 21) contains an entire clause not in the California statute (Sec. 21).   It is apparent from our Practice Act that defendant's right of trial in the county of his residence is waived *unless the demand in writing is made before the time for answering expires;* but if demand is made in time; as in this case, the right is absolute.

*Willims & Bixler*, for Respondents.

I.   Leaving out of the argument the point that our Practice Act was modeled after that of California, and that we should pay respect to the decisions of the California Supreme Court in reference to it, we submit that the granting or refusing a motion to change the place of trial is a matter of discretion.   The Court should not, therefore, be held to have committed error in following a convenient and sensible practice, especially when counsel for both sides assumed it to be the correct and proper practice, and voluntarily adopted it.   By the New York system, the venue must be changed to suit the residence of defendant, and after the change has been made, the plaintiff must apply to the Court to which it was changed to change it back again to the Court to which it was taken on the ground of the convenience of witnesses.

Under the practice maintained in California and adopted in this case, the whole matter may be determined at the first hearing, greatly to the convenience of the parties, and saving them from expense and delay.

Williams *v.* Keller.

II.   The defendant having appeared to and resisted our motion by counter affidavits, without objection to the jurisdiction of the Court to hear the motion, waived all objections if any existed.

By the Court, WHITMAN, J.:

On the ninth of September, 1870, respondents filed their complaint against appellant in the First District Court, Storey County. On the thirteenth of the same month, he was duly served in the action in the County of White Pine, in the Eighth Judicial District. On the twenty-second day of the month aforesaid, appellant, by his attorneys, made demand that the place of trial of the cause be changed to White Pine County, his residence, and notified respondents that he would on the twenty-eighth of the said month move therefor in open Court, upon his affidavit of the fact accompanying the notice.

Thereafter, respondents filed and served notice that they would resist the motion, and also themselves move to retain the cause for trial in Storey County, on the ground of the convenience of witnesses. This notice was also accompanied by affidavits ; they were answered by appellant ; respondents thereto replied, and appellant asking further time to file additional affidavits, was refused.

Upon hearing, the Court made the following order.   *   *   *
" The Court now orders that said motion be, and the same is hereby overruled and denied."   On the thirtieth of November following, the default of appellant was entered, and on the same day judgment was rendered for the amount claimed in the complaint.   From this judgment the present appeal is taken, various specifications of error being assigned.   These will not be particularly examined, as they are mostly pointed to matters which were in the discretion of the Court, provided it was properly exercising jurisdiction in the case.

With respect to cases of the nature of the present, the code of practice in this State, provides, that   *   *   *   " The action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action.   *   *   *
If the county designated for that purpose in the complaint be not the proper county, the action may notwithstanding be tried therein,

unless the defendant before the time for answering expire demand
in writing that the trial be had in the proper county, and the place
of trial be thereupon changed by consent of parties, or by order of
the Court, as is provided in this section. The Court may, on
motion, change the place of trial in the following cases: First.
When the county designated in the complaint is not the proper
county." * * * * It is also further provided, thus: Third.
" When the convenience of witnesses and the ends of justice would
be promoted by the change." * * * (Statutes of 1869, 199,
Secs. 20, 21.)

As a general rule, change of place of trial is eminently within
the discretion of the Court to which the motion is addressed; but
when the motion is made under the peculiar language of the statute
cited, on the ground of residence, there is no room for the exercise
of discretion. The statute is peremptory in that regard, and the
party making such motion is entitled to have the same granted, that
he may plead or take such other action as he may be advised; and
to that end, it is his privilege to have the ruling and decision of
the judge of the place of his residence, upon any question aris-
ing subsequently to the necessary order, upon his demand and
motion.

Why the Legislature should have made this special provision is
perhaps not so clear; and upon a somewhat similar statute, and in a
case resembling the present, it was said in New York that it would
seem to be an idle ceremony to change the place of trial of a case
which would probably have to be immediately returned; but of
that neither this Court nor the District or other Court, where the
original motion is made, can judge. When, as in the present
action, it is clear that the mover comes within the language of the
statute, he is entitled to his order for change, and any subsequent
proceeding should be had in the Court to which the cause is trans-
ferred.

To the motion and affidavit of appellant, the counter motion (if
counter motion it be) and affidavits were no defense. They raised
an irrelevant issue, and one which the First District Court had no
right to consider. The appellant had no need to answer such affi-
davits, but having done so, he should not be made to suffer for an

Williams *v.* Keller.

act of mere surplusage; one which he evidently—and so the District Court, judging from its order in the premises—thought a proper part of his original motion.

There can properly be no such practice as an affirmative motion to retain a cause in a certain county for trial; this is matter of defense, and though from some portion of the language of respondents' notice, it would follow that they proposed making an affirmative motion, yet to call it so could not change its real nature ; and so the District Court in its order only rules upon the motion of appellant, treating all the affidavits as pertaining to that.    Thus much has been said, because it is claimed that appellant, by filing affidavits and making contest upon the question of the convenience of witnésses, thereby waived his right to object to the decision of the District Court thereon, and consequently is bound thereby. The legal presumption of a waiver of any right by a litigant will not be drawn except in a clear case; and especially so when to follow such a presumption would be to deprive a party of his day in Court.

Here the appellant is found all the time insisting on his original demand, and though doing more than he needed, by filing affidavits as to the convenience of witnesses, yet this was clearly upon the hypothesis that such action was of some avail as to the primary question.    To hold that he at any time waived his first demand, would be to force an illegitimate inference from the circumstances.

When appellant's original motion was made, the District Court of the First District was by force thereof ousted of all jurisdiction over the person of appellant and the subject matter of the suit, except to decide upon the one proposition of the residence of appellant at the time of the commencement of the action.    That found in favor of appellant, the order for change of place of trial necessarily and conclusively followed.

In considering the question of the convenience of witnesses, the District Court allowed an irrelevant issue to usurp the place of the legal and proper one.    In deciding the motion of appellant upon any other consideration than that by him originally presented, the Court erred.

The default and judgment which followed the ruling on appel

lant's motion were taken without authority and beyond the jurisdiction of the Court, and must consequently be set aside.

It is so ordered, and the cause is remanded, with directions to the First District Court to vacate all orders therein, and to make an order changing the place of trial of the case to White Pine County.