[No. 1,075.]

## Ex parte JOHN R. DARLING.

State Prison Act (Stat. 1881, 109) Construed—Commutation of Prisoner's Sentence—Unconstitutional in Part.—*Held*, that the act in question, in so far as it attempts to commute any portion of the sentence imposed by the courts prior to the time the act took effect, is inoperative and void, because it interferes with the judiciary.

Habeas corpus, before the supreme court.

The facts are stated in the opinion.

No counsel for petitioner.

*M. A. Murphy*, Attorney General, for the state.

By the Court, HAWLEY, J.:

Petitioner is held in confinement in the state prison under a commitment, issued on the sixteenth day of November, 1872, ordering him to be imprisoned for the term of ten years. He claims that he is entitled to his discharge under the amended act "for the government of the state prison" (approved March 1, 1881), which provides that every convict faithfully performing such labor as may be required of him by the rules and regulations of the prison "shall be allowed from his term, instead and in lieu of the commutation heretofore allowed by law, a deduction of two months in each of the first two years, three months in each of the next two years, and four months in each of the remaining years of said term." (Stats. 1881, 109.)

The act is in terms retroactive. It was evidently intended by the legislature to apply to cases before, as well as after, the first day of April, 1881, when the act takes effect. This is made clear by the language of the *proviso*: "That of those prisoners entitled to their discharge *at the date of the passage of this act*, by virtue of the provisions hereof, not more than one shall be discharged on any one day." Is this portion of the act constitutional? Does it not interfere with the judiciary? The constitution divides the powers of the government of this state into three separate departments: the legislative, executive, and judicial. It declares, in clear and explicit terms, that "no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except in the cases herein expressly directed or permitted." (Const., art. 3.)

The judicial power of this state is vested in the courts. The trial, conviction, and sentence of prisoners who have violated the laws of this state are well-known judicial du-

ties. Neither the legislative nor the executive department can interfere with the courts in the exercise of these or other duties which pertain exclusively to the judicial department.

Section 21 of article 5 of the constitution, creating a board of state prison commissioners, and giving to it "such supervision of all matters connected with the state prison as may be provided by law," does not *direct or permit* the legislature, under the pretense of regulating the discipline of the prison, to wipe out and destroy the previous sentences, or any portion thereof, imposed upon the prisoners by the courts. The legislature can only pass such acts as are authorized by the constitution. It can not infringe upon any of its provisions.

It may be admitted, for the sake of the argument, that the act was framed and beneficially designed to improve the discipline of the prison, and that it would, if allowed to be carried into effect, produce that happy result. If so, this argument might have had some force with the framers of the constitution had it then been presented; but it is not entitled to any weight with us if the constitution is, as we think it is, clear and explicit. We have only to deal with the question of power. We have nothing to do with the wisdom or expediency of the statute. We are of opinion that the act in question, in so far as it attempts to commute any portion of the sentence imposed by the courts prior to the time the act took effect, is inoperative and void, because it interferes with the judiciary.

A similar law was declared unconstitutional by the supreme court of Pennsylvania, and for the same reasons. The court, in passing upon this question, said: "The whole judicial power of the commonwealth is vested in courts. Not a fragment of it belongs to the legislature. The trial, conviction, and sentencing of criminals are judicial duties, and the duration or period of the sentence is an essential part of a judicial judgment in a criminal record. Can it be reversed or modified by a board of prison inspectors acting under legislative authority? If it can, what judicial decree is not exposed to legislative modifications? From

what judicial sentence may not the legislature direct 'deductions' to be made if this act be constitutional? What they may do indirectly they may do directly. If they may authorize boards of inspectors to disregard judicial sentences, why may they not repeal them as fast as they are pronounced, and thus assume the highest judicial functions?

"It is to be observed that these questions have no reference to the power of the legislature to prescribe a general rule of law that shall be inconsistent with a previous judicial decree. Such a rule, when it operates on future cases and not retrospectively, is quite legitimate. Their power to legislate in that manner is not to be doubted. But under the act in question the good conduct of a particular individual, under judicial sentence, is to work out for him an abatement of a part of his sentence. In respect to one of the relators who was convicted and sentenced before the law was passed, it is considered very clear that it is a legislative impairing of an existing legal judgment." (*Commonwealth* v. *Johnson*, 42 Pa. St. 448.)

The prisoner is remanded into custody.

BELKNAP, J., did not participate in this decision.