[No. 1856]

## Ex Parte WOODBURN

1. Constitutional Law—Encroachment on Judiciary.

> The act of March 13, 1909 (Stats. 1909, p. 98, c. 96), providing for greater credits to prisoners for good behavior than were authorized by prior acts, is void so far as it attempts to commute any part of a sentence imposed prior to its passage, because it interferes with the functions of the judiciary.

2. Courts—Rules of Decision.

> Courts are only justified in overruling former decisions where the same are deemed to be clearly erroneous.

Application by W. Woodburn, in behalf of Edward Hall, for a writ of *habeas corpus* for the discharge of Edward Hall from imprisonment. **Denied.**

The facts sufficiently appear in the opinion.

*William Woodburn*, for Petitioner.

*R. C. Stoddard*, Attorney-General, and *L. B. Fowler*, Deputy Attorney-General, for Respondent.

By the Court, Norcross, C. J.:

The said Edward Hall, upon whose behalf the petition was filed, is held in confinement in the state prison under a commitment, issued on the 4th day of May, 1907, ordering him to be imprisoned for the term of three years. He claims that he is entitled to be discharged from confinement under the provisions of an act of the legislature entitled "An act to provide for the government of the state prison of the State of Nevada and repealing other acts, so far as they conflict with the provisions of this act," approved March 13, 1909 (Stats. 1909, p. 98, c. 96).

It is conceded that by reason of the good conduct of the said Hall he is entitled to be discharged, providing the said act of 1909 is applicable to his case. By the provisions of the last-mentioned act a prisoner serving a three-year sentence is entitled to eight months' credits for good behavior, while under the act in force at the time the prisoner was committed he would only be entitled to seven months' credits. The precise question here involved came before this court in the case of *Ex Parte Darling*, 16 Nev. 98, 40 Am. Rep. 495. In that case

it was held that the legislature was without power to pass an act which, in effect, would commute any portion of the sentence imposed by the court prior to the time the act took effect, for the reason that the same interfered with the functions of the judiciary, and hence was violative of the constitution.

To hold with petitioner's contention in this case, we would be compelled to overrule the decision of this court by Hawley, J., in the Darling case, *supra*. Courts are only justified in overruling former decisions where the same are deemed to be clearly erroneous. Our attention has not been called to the decision of any court taking a contrary view to that heretofore expressed by this court in the Darling case, and we see no sufficient reason for reversing the former decision of this court upon the question here involved.

The prayer of the petitioner is denied.