LOUISE STOCKS, as Guardian of the Person and Estate of HARRISON S. STOCKS, JR., an Incompetent, Appellant, *v.* HARRISON S. STOCKS, Respondent.

No. 3493

July 24, 1947.                    183 P.2d 617.

*Robert R. Gill,* of Ely, for Appellant.

*Taylor & Gubler,* of Las Vegas, and *C. A. Eddy,* of Ely, for Respondent.

## OPINION

By the Court, BADT, J.:

This is an appeal from an order made by the Seventh judicial district court of the State of Nevada, in and for the county of White Pine, granting defendant's demand and motion to change the place of trial of said action from White Pine County to Clark County. The motion and order were based upon the fact of the defendant's residence in the latter county, which fact is conceded. The motion and demand were timely made and noticed, and the order changing the place of trial was made after a hearing of such motion as well as plaintiff's objection thereto. The grounds of the objection were that the convenience of witnesses and the ends of justice would be promoted by retaining the cause in White Pine County for trial, and the objection was supported by plaintiff's affidavit reading as follows:

"Louise Stocks, being first duly sworn, deposes and says that she is the plaintiff in the above entitled action; that she has been informed of the pendency of a motion by defendant for the removal of this action to the Eighth Judicial District Court of the State of Nevada in and for the County of Clark on the ground that the defendant is a resident of said Clark County; that she intends to oppose such motion on the hearing thereof through her attorney herein on the ground that, as she is informed and believes, the convenience of witnesses and the ends of justice would be promoted by retaining this action in the above entitled Court for further proceedings and trial.

"That as stated in her complaint herein, she is a resident of the County of White Pine and State of Nevada; that the said Harrison S. Stocks, Jr., the incompetent in behalf of whom she sues as guardian resides with her

in said county and state; that the two of them live alone, and there is no one with whom she could leave the said Harrison S. Stocks, Jr. in the event this action should be removed to the County of Clark and the Eighth Judicial District Court of the State of Nevada for trial therein and she is required to go there as a witness; that in the event of such removal the presence of the said Harrison S. Stocks, Jr. might also be necessary on such trial of this action; that due to the physical condition of the said Harrison S. Stocks he cannot travel by motor stage, the only means of public conveyance heretofore available between Ely and Las Vegas, Nevada; nor does she believe it would be safe to attempt to take him from Ely to Las Vegas by the air line service now being inaugurated; that she has no automobile or other means of private transportation; and further, that her financial circumstances are not now such nor expected to be such at the time this action may come on for trial if so removed, as to enable her to go to Las Vegas and maintain herself or herself and the said Harrison S. Stocks, Jr., there for and during such trial."

Plaintiff's complaint in the action, filed March 17, 1947, alleged that on March 13, 1947, she had been appointed guardian of Harrison S. Stocks, Jr., an incompetent, aged 27 years, the son of plaintiff and defendant; that said incompetent was subject to epileptic attacks to which he had been subject since the age of twelve and which still continued with great frequency; that his custody had been awarded to plaintiff in 1928 by the superior court of California in and for Los Angeles County under her cross complaint for separate maintenance in a divorce action instituted by the defendant herein; that in 1938 she had sought, by an action in Clark County, Nevada, to compel defendant to pay his arrears under the California decree, for the support of herself and said incompetent, amounting to $10,720, with interest, costs, etc., which resulted in a settlement whereunder she accepted $5,000 plus $284 expenses, out of which she had to pay her own costs and attorney fees;

that the residue of said fund, plus her own earnings, amounting in all to some $7,000, had been consumed in living expenses of herself and her son and in medical expense for the latter including treatments at Montreal, Canada, and the Ortman Clinic in Canistota, South Dakota; that she is now without funds and that she and her son are likely to become public charges within "the next few months," while the defendant, as she is informed and believes, is a man of substantial means; that her son is also in need of treatment, operative or otherwise, for hemorrhoids, and in need of an operation to correct an eyelid condition caused by a burn in childhood during an epileptic seizure; that defendant has rejected various suggestions made by her for the child's treatment and the expense thereof, but stated in November 1946 "that he would let the court decide his obligation, and that if his son were placed in a proper institution he would gladly assume his financial obligation." The complaint sought a judgment for $1,800 for treatment for one year of the son's epilepsy, $1,000 for other treatment for the son, and $7,000 for herself as reimbursement of her outlays for the support, maintenance, and medical treatment of the incompetent.

The court's order changing the place of trial to Clark County, the place of defendant's residence, over the objections of plaintiff, and what may be deemed for the purpose of this appeal, its order denying plaintiff's counter-motion to retain jurisdiction for the convenience of witnesses and the promotion of justice, were governed by the provisions of sections 8571 and 8572 Nevada Compiled Laws, reading as follows:

"§ 8571. Residence of Parties Determines Place of Trial—Change of Place. § 72. In all other cases, the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action; or, if none of the defendants reside in the state, or if residing in the state, the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may

designate in his complaint; and if any defendant, or defendants, may be about to depart from the state, such action may be tried in any county where either of the parties may reside or service be had, subject, however, to the power of the court to change the place of trial, as provided in this act.

"§ 8572. Change of Venue.—Grounds. § 73. If the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demand in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of the parties, or by order of the court, as provided in this section. The court may, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of the witnesses and the ends of justice would be promoted by the change. When the place of trial is changed, all other proceedings shall be had in the county to which the place of trial is changed; unless otherwise provided by the consent of the parties in writing duly filed, or by order of the court, and the papers shall be filed, or transferred, accordingly."

Respondent maintains that under the mandatory provisions of the first clause of sec. 8571, as interpreted in Williams v. Keller, 6 Nev. 141, the court could not do otherwise than order the change of place of trial, and, having done this, lost further jurisdiction of the case and could not consider plaintiff's request that it retain jurisdiction for the convenience of witnesses or the promotion of justice; that any such request or motion would necessarily have to be made to the district court for the county to which the case had been transferred. Appellant frankly grants this contention, provided Williams v. Keller is controlling. He insists, however, that

the opinion in that case is not good law, that it has nothing to commend it save antiquity, that it is out of date, not supported by contemporary authority, and should be reversed. His position is thus stated in his opening brief:

"Is Williams v. Keller Controlling?

"If it is, we are probably wasting the Court's time. The matter was argued in behalf of plaintiff below with full knowledge of the ruling in that case, the only reported Nevada case we have found directly in point, and that it was against our position in all respects. Now, for the second time in seventy-seven years, this Court has the question before it. * * * While Williams v. Keller, 6 Nev. at page 144 has been uniformly followed by this Court, and the Court below could hardly have decided otherwise in view of it, we would respectfully suggest that the time appears ripe for a reexamination of that case and its underlying principles. Curiously enough, the writer of the opinion in Williams v. Keller did not cite a single authority, except a rather vague reference to what was said in New York 'in a case resembling the present' (6 Nev. at page 144; combined Vol. 5-6-7 Nev., p. 478). As we shall show hereafter, there was a respectable and uniform line of authority in California, from whose Practice Act our statute directly derived, holding directly to the contrary, which Judge WHITMAN neither mentioned, distinguished, nor refused to accept."

Appellant then painstakingly sets forth in parallel columns the provisions of the California and Nevada acts, traces the history of each, and quotes from seven early California decisions, three of which antedated Williams v. Keller and four subsequent thereto, which he contends all hold "squarely contrary to the views of Judge WHITMAN," who stated the law for this court as follows:

"To the motion and affidavit of appellant, the counter-motion (if counter-motion it be) and affidavits were no

defense. They raised an irrelevant issue, and one which the first district court had no right to consider. * * *

"When appellant's original motion was made, the district court of the first district was by force thereof ousted of all jurisdiction over the person of appellant and the subject matter of the suit, except to decide upon the one proposition of the residence of appellant at the time of the commencement of the action. That found in favor of appellant, the order for change of trial necessarily and conclusively followed. (Id., 6 Nev. at page 145.)"

The California cases referred to as holding contra are: Loehr v. Latham, 15 Cal. 418, 420; Pierson v. McCahill, 22 Cal. 127, 128; Jenkins v. California Stage Co., 22 Cal. 537, 538; Hanchett v. Finch, 47 Cal. 192; Edwards v. Southern Pacific Railroad Company, 48 Cal. 460; Hall v. Central Pacific Railroad Co., 49 Cal. 454. These cases are indeed all contrary to the holding of this court in Williams v. Keller, and indicate that when a defendant demands that the place of trial be changed to the place of his residence, the court's action should be nonetheless governed by a proper consideration of whether the convenience of witnesses and the promotion of justice warrant an order retaining jurisdiction.

It is unnecessary for us to speculate as to what the decision of this court might be at this time were we not confronted with the precedent of Williams v. Keller. This court has never held that the rule of statutory construction, whereunder the interpretation by the highest court of a sister state, of a statute of that state copied by us, is strongly persuasive, is absolutely controlling. See Menteberry v. Giacometto, 51 Nev. 7, 267 P. 49. Certainly no fault can be found with the logic of WHITMAN, J., in construing the mandatory part of our statute when the defendant demands a change of place of trial to the county of his residence:

"As a general rule, change of place of trial is eminently within the discretion of the court to which the

motion is addressed; but when the motion is made under the peculiar language of the statute cited, on the ground of residence, there is no room for the exercise of discretion. The statute is peremptory in that regard, and the party making such motion is entitled to have the same granted, that he may plead or take such other action as he may be advised; and to that end, it is his privilege to have the ruling and decision of the judge of the place of his residence, upon any question arising subsequently to the necessary order, upon his demand and motion."

While courts will indeed depart from the doctrine of stare decisis where such departure is necessary to avoid the "perpetuation of error" (14 Am.Jur. 341), the observance of the doctrine has long been considered indispensable to the due administration of justice, that a question once deliberately examined and decided should be considered as settled. As said by NORCROSS, C. J., in Ex parte Woodburn, 32 Nev. 136, 104 P. 245, "To hold with petitioner's contention in this case, we would be compelled to overrule the decision of this court by HAWLEY, J., in the Darling Case, supra [Ex parte Darling, 16 Nev. 98, 40 Am.Rep. 495]. Courts are only justified in overruling former decisions where the same are deemed to be clearly erroneous." We do not find Williams v. Keller so. Not only that, but the rule has been recognized in this state in one way or another for many years. See Wilson v. Wilson, 55 Nev. 99, 26 P.2d 355; Duffill v. Bartlett, 53 Nev. 228, 297 P. 504; Fabbi v. First National Bank, 62 Nev. 405, 153 P.2d 122, which cases, while not directly in point, tend to indicate a general recognition of the rule. As general practitioners for many years, the members of this court cannot but know that the district courts throughout the state, since the enunciation of the rule in Williams v. Keller, have uniformly held that a defendant may as a matter of right have a cause removed for trial to the county of his residence upon complying with the statutory requirements, and that only that court has jurisdiction over further proceedings.

The facts presented by the plaintiff's complaint would naturally evoke the sympathy of all men. Yet plaintiff should not encounter too great hardship in submitting to the district court in Clark County her motion to change the place of trial to White Pine County on the ground of the convenience of witnesses and the promotion of justice. And perhaps her difficulties would not be unsurmountable if that court, after a consideration of the facts, should deny such motion. Her complaint indicates that the defendant will not be found entirely uncooperative. These remarks are of course not intended to indicate in any way whatsoever what action should be taken by the district court of Clark County, in the exercise of its discretion, if and when any further proceedings are initiated before it.

Under authority of Williams v. Keller, supra, the order appealed from is hereby affirmed, with costs.

HORSEY, J., concurs.

EATHER, C. J., because of illness, did not participate in the foregoing case.