OPINION TO THE GOVERNOR.

JUNE 27 AS OF JUNE 21, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

June 21, 1960

To His Excellency, Christopher Del Sesto
    Governor of the State of Rhode Island
        and Providence Plantations

We have received from Your Excellency a request for our

.written opinion in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state upon the following questions:

> "(1) Does Chapter 112 of the Public Laws of 1960 apply to prisoners who were serving their sentences in the Adult Correctional Institutions on May 6, 1960?
>
> "(2) If so, should the time to be allowed for good behavior be computed *solely* under Chapter 112 so as to give retroactive effect to Chapter 112; or should there be an apportionment, namely, that (a) the period of time from the start of the sentence to May 6, 1960 be computed under the old law, and (b) from on and after that date, the time be computed under the new law?"

Chapter 112 of public laws 1960 is an amendment of general laws 1956, §13-2-44, which authorizes certain deductions from the term of a prisoner's sentence as a reward for good behavior during imprisonment. Among other things the amendment increases the deductions allowed under the pre-existing statute from five days per month plus two days per month for working in the prison industries to ten days per month plus two days per month for such work. The act provides that it shall take effect upon its passage and that all acts and parts of acts inconsistent therewith are repealed. It was approved by the governor on May 6, 1960 and therefore became effective on that date.

Apparently a controversy has arisen between the department of the attorney general and the department of social welfare as to whether this amendment can be validly applied in favor of prisoners who were sentenced prior to May 6, 1960. In accordance with a suggestion in your request for our opinion we allowed each department to submit a brief in support of its view. Each brief has been of assistance, but on the view which we take of the law it has been necessary for us to consider only the first question. Therefore this opinion is confined solely to that question.

If chapter 112 was intended by the general assembly to

have a retroactive effect and therefore apply to sentences imposed prior to May 6, 1960, the result would be tantamount to a revision of such sentences to an extent not authorized by law at the time the sentences were imposed and thus would be an indirect legislative alteration of the judgments of the court. The sentence in a criminal case is an essential part of a judicial judgment. *State* v. *Garnetto*, 75 R. I. 86; *Commonwealth ex rel. Johnson* v. *Halloway*, 42 Pa. 446. This appears to be the generally accepted view. At least no case expressly to the contrary has been called to our attention and we are not aware of any.

In addition to the last case above cited the following cases have held that it is an invasion of the judicial power for the legislature to pass an act reducing for good behavior the sentences of prisoners convicted prior thereto. *Ex parte Darling*, 16 Nev. 98; *Ex parte Woodburn*, 32 Nev. 136. See also *Fredericks* v. *Gladden*, 211 Ore. 312. And it should be observed that an opinion given to the senate and the house of representatives, reported in 3 R. I. 299, while not precisely in point, nevertheless is fundamentally based on the view that the attempt of the general assembly to annul a judicial judgment was an unconstitutional exercise of judicial power. That view was later expressly affirmed by the court in a litigated civil case which involved an indirect attempt on the part of the general assembly to invade the province of the judicial department. *G. & D. Taylor & Co.* v. *Place*, 4 R. I. 324.

However, it is arguable from the language of chapter 112 that the general assembly did not intend to give the amendment a retroactive effect. We think it is as reasonable if not more so to construe it as having only a prospective effect in accordance with the general rule of construction that statutes are presumed to operate only prospectively unless there is clear evidence therein to the contrary. But even if it were equally reasonable to construe it either as retroactive or prospective we would be obliged to adopt the

construction that would avoid unconstitutionality. Consequently since we are clearly of the opinion that the amendment would be unconstitutional if it was intended to operate retroactively, we have concluded that it was not so intended.

It is our opinion that chapter 112 of public laws 1960 must be construed to apply only to those prisoners whose sentences were imposed subsequent to May 6, 1960. On this view the old act with reference to allowances for good behavior remains in effect as to all sentences imposed prior to such date, since there is nothing inconsistent in allowing that act to operate to such extent, while chapter 112 is restricted to sentences imposed subsequent to its enactment.

Therefore our answer to the first question propounded is in the negative. Because of such answer, the second question does not arise.

> FRANCIS B. CONDON
> THOMAS H. ROBERTS
> THOMAS J. PAOLINO
> WILLIAM E. POWERS
> G. FREDERICK FROST