STEPHEN DALE PEARCE and FREDERICK PEARCE, APPELLANTS, *v.* DEBRA KAY BOBERG, aka DEBRA KAY PEARCE, RESPONDENT.

No. 6411

May 24, 1971 · 485 P.2d 101

*Diehl, Recanzone & Evans,* and *Stanley Smart,* of Fallon, for Appellants.

*Hibbs & Bullis,* and *Stan L. Lyon,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

The defendants in a personal injury action arising from a single-car accident 17 miles east of Lovelock, the county seat of Pershing County, have appealed from an Order of the Second Judicial District Court in and for Washoe County, where the action was filed, denying defendants' motion to change the place of trial from Reno to Lovelock. This relief was sought under NRS 13.050(2), which permits the court to change the place of trial when "the convenience of the witnesses and the ends of justice would be promoted by the change." NRS 13.050(2)(c).

The plaintiff contends that because defendants' motion was not made before expiration of their time for answering plaintiff's complaint, the right to seek such relief is foreclosed; however, our holding in Sheckles v. Sheckles, 3 Nev. 404 (1867), is contrary to this contention.

Though timely, defendants' motion was addressed to the sound discretion of the lower court, whose exercise of discretion "will not be disturbed unless manifestly abused." Fabbi v. First National Bank, 62 Nev. 405, 413, 153 P.2d 122, 125 (1944). While some considerations might favor a trial in Lovelock, others favor a trial in Reno, and we are therefore unable to perceive a manifest abuse of discretion on the part of the lower court.

It would serve no useful purpose to review all of the arguments the parties have offered, on the basis of matters both within and outside the record. However, we note that the parties reside in California, near San Francisco; that at least one important witness for the plaintiff, her doctor, must be brought from there for the trial; that, unless hospital records from California can be proved in some other way, plaintiff may also be required to transport the records' custodian to testify; that while there is direct air transportation from the San Francisco area to Reno, there is none to Lovelock; that,

while defendants claim to have eight witnesses who are residents of Pershing County, the necessity of some is uncertain from the record; and Lovelock is only some 92 miles from Reno, less than a two-hour trip over a good highway.

The Order of the lower court is affirmed.