J. JANET VERNER, Doing Business As J. JANET VER-
     NER, KUTE KURL, Appellant, v. PETER T.
     JOUFLAS and L. D. SCHNEIDER, Respondents.

No. 9560

January 31, 1979                          589 P.2d 1025

[Rehearing denied February 28, 1979]

*Ralph M. Crow,* Carson City, for Appellant.

---

*Hale, Lane, Peek, Dennison and Howard,* and *Stephen V. Novacek,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Respondents sought damages alleging appellant's breach of a lease agreement. Appellant denied liability, asserted affirmative defenses and a counterclaim. Appellant also filed a demand and motion for a change of venue from Washoe County to Carson City. The district court denied the motion. Upon due notice to appellant, trial was set for December 16, 1976. When the appointed time for trial arrived, neither appellant nor her counsel were present. The trial court proceeded to hear respondents' evidence, granted judgment for respondents and dismissed appellant's counterclaim. On appeal appellant contends that the judgment against her is void because (1) the court was ousted of jurisdiction to decide the case when it erroneously denied the motion for a change of venue and (2) she did not receive the three-day notice required by NRCP 55(b)(2) before the judgment was entered. We disagree.

1. In support of her contention that the district court lost jurisdiction to decide the case when her motion for a change of venue was denied, appellant relies on Williams v. Keller, 6 Nev. 141 (1870). Even if we assume, arguendo, that the denial of the motion for a change of venue was improper, *Williams* does not

control this case because the district court's order was appealable.[1] When appellant failed to appeal, she waived any right to complain about the improper place of trial.[2]

2. Appellant's contention that she was entitled to a three-day notice[3] before a judgment could be entered because her answer and motion for a change of venue constituted an appearance in the action is entirely without merit. Appellant received due notice that the matter would be tried on December 16, 1976. When the appellant and her counsel failed to appear at trial, the district court did not err when it proceeded to receive evidence, dismiss her counterclaim and enter a judgment on the merits. The judgment was not a default within the meaning of NRCP 55. The three-day notice requirement in NRCP 55(b)(2) is not applicable to this case. Coulas v. Smith, 395 P.2d 527 (Ariz. 1964); Gillette v. Lanier, 406 P.2d 416 (Ariz.App. 1965).

Affirmed.

---

[1]NRAP 3A(b) permits review of orders changing or refusing to change the place of trial. In 1870 such orders were not appealable. *See* Stats. of Nev., 1869, ch. 112 § 330; State v. Shaw, 21 Nev. 222, 29 P. 321 (1892).

[2]Ash Springs Dev. Corp. v. Crunk, 95 Nev. 73, 589 P.2d 1023 (1979), and Stocks v. Stocks, 64 Nev. 431, 183 P.2d 617 (1974), are inapposite because in each case the order was timely appealed.

[3]NRCP 55(b)(2) provides in pertinent part:

"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."