ASH SPRINGS DEVELOPMENT CORPORATION, a Nevada Corporation, Appellant, *v.* KAREN SUE CRUNK; MAURICE and CAROLYN CRUNK, Parents of KAREN SUE CRUNK, Respondents.

No. 10634

January 31, 1979 589 P.2d 1023

*Thorndal, Gentner, Backus, Lyles & Maupin,* Las Vegas, for Appellant.

*Manzonie & Massi,* Las Vegas, for Respondents.

**OPINION**

By the Court, MANOUKIAN, J.:

Respondents commenced this personal injury action in Clark County on December 8, 1977. Appellant, Ash Springs, Joe Does I-X and Roe Corp. I-X, were the named defendants. Service was effected solely upon Ash Springs, a Nevada corporation, in Lincoln County, its *principal* and *only* place of business and the County in which the minor respondent allegedly incurred her severe injuries.

Thereafter, appellant timely filed and served a demand and motion to change venue to Lincoln County. The motion was based upon NRS 13.040 which in part provides that "the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action." The trial court denied appellant's motion.[1]

---

[1] This is an appealable order. NRAP 3A(b)(2), see also NRS 2.090, 2.110.

Contending the trial court erred in refusing to change venue, Ash Springs appealed. We reverse and order that venue be changed to the proper county. NRS 2.110.

Respondents, in their opposition to the demand suggested that NRS 13.050(2)(c), which permits the court to change the place of trial "when the convenience of the witnesses and the ends of justice would be promoted by the change," allows the continued prosecution of respondent's case in Clark County because of Karen Sue Crunk's general physical and ambulatory limitations. Because our rationale in considering NRS 13.040 is dispositive of this appeal, we conclude the convenience of witness contention is premature. See Stocks v. Stocks, 64 Nev. 431, 183 P.2d 617 (1947).

Respondents claim that NRS 13.040 is not limited to a consideration of appellant's residence and that appellant has the burden of establishing that none of the potential defendants is a resident of the county where the action is brought. We disagree and hold that appellant has no such burden. To show that venue was improper, appellant was only required to prove its corporate existence is in Lincoln and not Clark County. Williams v. Keller, 6 Nev. 141 (1870). Nowhere in the complaint is there any indication who or what the fictitiously named defendants are or where they reside. Nearly every allegation is directed solely at appellant Ash Springs.

We do not here intend to intimate that respondents are foreclosed from pursuing the venue question below on the grounds of convenience of witnesses and the promotion of justice. Stocks v. Stocks, *supra;* compare Pearce v. Boberg, 87 Nev. 255, 485 P.2d 101 (1971). Respondents are now free to proceed under NRS 13.050 in the Lincoln County Court. Stocks v. Stocks, *supra.*

We therefore conclude that the trial court abused its discretion in the denial of appellant's motion for change of venue. NRS 13.040.

The order is reversed.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ., concur.

GUNDERSON, J., concurring:

I concur in the result.