DONALD RICHARD HALAMA, Appellant, *v.*
NANCY JOY HALAMA, Respondent.

No. 12797

December 30, 1981                         637 P.2d 1221

*Diehl, Recanzone & Evans,* Fallon, for Appellant.

*Joseph L. Benson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In this action for divorce, appellant's motion for change of venue, based upon NRS 13.040,[1] was denied by order of the district court on the grounds: (1) that the court had discretion to deny the motion; (2) that the court had previously entered a

[1]NRS 13.040 provides, in part, that an action "shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action. . . ."

temporary order in the case; and (3) that appellant had submitted to the jurisdiction of the court by filing an answer.

Appellant correctly contends that a motion for change of venue pursuant to NRS 13.040, based on the defendant's residence, does not permit an exercise of discretion by the district court. Stocks v. Stocks, 64 Nev. 431, 183 P.2d 617 (1947); Williams v. Keller, 6 Nev. 141 (1870). Furthermore, the order "previously entered" by the district court was a temporary support order which was entered on the same day that appellant filed the motion for change of venue. Neither appellant nor his counsel appeared at the hearing on the support matter. We know of no authority for the district court's reliance upon such an order as the basis for denial of a motion for change of venue.

Finally, the district court incorrectly relied on appellant having filed an answer in the matter. The record reveals that no answer had been filed by appellant. In any event, the filing of an answer does not interfere with a defendant's right to demand a change of venue. Byers v. Graton, 82 Nev. 92, 411 P.2d 480 (1966).

Respondent's brief seems to assert that the district court made a factual determination as to appellant's residence. However, the court's order makes no such determination.[2] Accordingly, we reverse the district court's order denying the motion for change of venue, and we remand for a determination of appellant's residence and for further proceedings consistent with this opinion.

---

[2]The clerk's minutes make only a vague reference to "some question as to where the defendant was at the time."