T. K. HOOD, M.D., AND COLLETT, HOOD, MOREN AND READ, LTD., A PROFESSIONAL CORPORATION, DOING BUSINESS AS ELKO CLINIC, APPELLANTS, *v.* DOYAL KIRBY AND NANCY KIRBY, HIS WIFE, RESPONDENTS.

No. 13509

May 19, 1983                                               663 P.2d 348

*Wilson, Wilson and Barrows,* Elko, for Appellants.

*Bradley & Drendel, Ltd.,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying a motion for change of venue.

On February 18, 1981, respondents filed an amended complaint in the district court. The summons and amended complaint were served on the appellants on February 26, 1981. Appellants responded by serving, on March 12, 1981, a motion and demand for change of venue. The motion and demand were not filed in the district court, however, until March 20,

1981, which was two days after the time for answering had expired.[1] *See* NRCP 12(a). Respondents opposed the motion on the ground that the demand was not timely filed. The district court agreed with respondents and denied the motion.

Appellants contend that the district court erred in holding that the demand must be filed before the time for answering expires.

In order to demand a change of venue as a matter of right, the demand must be timely filed. *See* Ash Springs Dev. Corp. v. Crunk, 95 Nev. 73, 589 P.2d 1023 (1979); O'Banion v. O'Banion, 87 Nev. 88, 482 P.2d 313 (1971); Nevada Transit Co. v. Harris Bros., 80 Nev. 465, 396 P.2d 133 (1964); NRS 13.050(1). In order for the demand to be timely filed, it must be filed before the time for answering expires. *See* NRS 13.050(1). The lower court consequently did not err in refusing to order venue changed. Accordingly, the decision of the district court is affirmed.[2]

---

[1]On that same date the district court clerk entered a default against appellants, but the default was later set aside upon the consent of the parties.

[2]JUSTICE JOHN MOWBRAY voluntarily disqualified himself from the consideration of this case.