KENNING CAR RENTAL, INC., DBA AMERICAN INTERNATIONAL RENT-A-CAR, A DELAWARE CORPORATION, APPELLANT, *v.* DESERT RENT-A-CAR, INC., A NEVADA CORPORATION; AND DONALD BOGGIO, INDIVIDUALLY, RESPONDENTS.

No. 18687

March 30, 1989                                    771 P.2d 150

---

[4]THE HONORABLE ROBERT E. ROSE, Justice, did not participate in the decision of this appeal.

*Hawkins and Sharp,* and *John McMillan,* Reno, for Appellant.

*Mills & Gibson,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On November 21, 1986, respondents, Desert Rent-A-Car, Inc. and Donald Boggio ("Desert"), purchased a Las Vegas rental car franchise from appellant Kenning Car Rental, Inc. ("Kenning"). On July 24, 1987, Kenning filed a complaint in Washoe County alleging that Desert had defaulted on three promissory notes. Desert had until September 1, 1987, to answer the complaint. Desert filed an answer on September 9, 1987. Desert, seeking to change venue to Clark County, filed a Demand for Change of Venue and a Motion For Change of Venue on September 18th and September 22nd respectively. The motion was premised on the grounds that (1) Washoe County was not the proper county for trial because both defendants resided in Clark County[1] and (2) both the convenience of witnesses and the ends of justice would be promoted by the change of venue. *See* NRS 13.050.[2] The

---

[1]NRS 13.040 provides, in relevant part:

In all other cases, the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action. . . .

[2]NRS 13.050 provides, in pertinent part:

1. If the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried therein, *unless the defendant before the time for answering expires demand in writing that the trial be had in the proper county,* and the place of trial be thereupon changed by consent of the parties, or by order of the court, as provided in this section.

2. The court may, on motion, change the place of trial in the following cases:

district court found that Desert's motion was not preceded by a timely demand pursuant to NRS 13.050(1). However, the district court granted Desert's motion pursuant to NRS 13.050(2)(c) in order to promote the convenience of the witnesses and the ends of justice, and ordered the case transferred to Clark County. This appeal followed.

Kenning contends the district court erred by granting Desert's motion for a change of venue. Specifically, Kenning claims that Desert's failure to make a timely demand as per NRS 13.050(1) was fatal to its motion for change of venue, even though the motion was brought, *inter alia,* pursuant to NRS 13.050(2)(c). This contention is without merit.

In order to bring a motion to change venue as of right pursuant to NRS 13.050(1), a defendant must timely demand that the trial be held in the proper county. If this is done, and if the district court finds that the county designated in the complaint is not the proper county, the district court must grant the defendant's motion to change venue. Motions brought pursuant to NRS 13.050(2) need not be preceded by a timely demand and are addressed to the discretion of the court. *Cf.* Nevada Transit Company v. Harris Bros., 80 Nev. 465, 469, 396 P.2d 133, 134-135 (1964) (motion brought pursuant to NRS 13.050(2)(c) considered even though no timely demand made).

Kenning contends that if the demand requirement of NRS 13.050(1) is not applied to NRS 13.050(2), the former would be little more than "idle ceremony." Kenning's fears are groundless. Although we hold that a defendant need not make a timely demand if a motion is brought pursuant to NRS 13.050(2), a motion brought pursuant to NRS 13.050(1) must be preceded by a timely demand. The demand requirement of NRS 13.050(1) is therefore not an "idle ceremony."

Accordingly, we affirm the judgment of the district court.

---

(a) When the county designated in the complaint is not the proper county.

(b) When there is reason to believe that an impartial trial cannot be had therein.

(c) When the convenience of the witnesses and the ends of justice would be promoted by the change. (Emphasis added.)