CHARLES DAMUS, Appellant, v. AVIS RENT A CAR SYSTEM, INC., Respondent.

No. 21672

January 24, 1992                                        824 P.2d 283

[Rehearing denied May 18, 1992]

*Charles M. Damus* and *Joel M. Cooper,* Las Vegas, for Appellant.

*Paul J. Williams,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On May 8, 1990, respondent Avis Rent A Car System, Inc., filed in the Second Judicial District Court for Washoe County a complaint for property damage against appellant Charles Damus. Appellant allegedly caused an automobile accident in Las Vegas which resulted in approximately $4,600.00 damage to a vehicle owned by respondent.

On May 21, 1990, appellant filed in the Second Judicial District Court for Washoe County an unopposed demand and motion for change of venue on the ground that the accident occurred in Clark County and that he resides in Clark County. On June 13, 1990, Second Judicial District Court Judge Charles M. McGee entered an order granting appellant's motion and changing venue to the Eighth Judicial District Court for Clark County. He

ordered the action transferred and the files forwarded to the Clerk of the Eighth Judicial District Court. Respondent did not appeal the order changing venue.

On September 20, 1990, respondent filed in the Second Judicial District Court a motion to vacate or withdraw the order changing venue on the ground that appellant refused to pay a filing fee to the Clerk of the Eighth Judicial District Court as required by NRS 19.013(1). The Clerk of the Eighth Judicial District Court had, on August 13, 1990, returned the case file to the Second Judicial District Court at the request of respondent's attorney.

On October 9, 1990, Judge McGee granted respondent's motion to vacate. Accordingly, the court vacated its previous order changing venue to the Eighth Judicial District Court and ordered the action returned to the Second Judicial District Court. This timely appeal followed.

Preliminarily, we note that Clark County is the proper venue for commencement of this action. Pursuant to NRS 13.040, an action "shall be tried in the county in which the defendants . . . may reside at the commencement of the action . . . ." No one disputes that appellant was and is a resident of Clark County. Thus, appellant properly moved for, and the district court properly granted, a change of venue from Washoe County to Clark County. *See* Halama v. Halama, 97 Nev. 628, 637 P.2d 1221 (1981) (NRS 13.040 does not permit exercise of discretion by district court).

Appellant contends that once the Second Judicial District Court ordered venue changed, it lost jurisdiction over the case because, "[w]hen the place of trial is changed, all other proceedings shall be had in the county to which the place of trial is changed . . . ." NRS 13.050(3). We agree. Once venue was ordered transferred, the Second Judicial District Court relinquished jurisdiction over all further proceedings, including respondent's motion to vacate. From that point on, jurisdiction was in the transferee court. Therefore, respondent's motion should have been directed to the Eighth Judicial District Court. *Cf.* Stocks v. Stocks, 64 Nev. 431, 183 P.2d 617 (1947) (once venue is transferred, only the transferee court has jurisdiction over further proceedings); Williams v. Keller, 6 Nev. 141 (1870) (when the movant is clearly entitled to a change of venue under the statute, any subsequent proceedings should be had in the transferee court; motion for change of venue deprived original court of all jurisdiction except to decide

appellant's residence and to transfer the case). Because the Second Judicial District Court lacked jurisdiction to entertain the motion to vacate its previous order changing venue, it erred in granting respondent's motion.[1]

We have considered appellant's remaining contentions and have determined that they are without merit. In addition, we decline the parties' invitations to impose sanctions.

Accordingly, we vacate the order of the district court vacating its previous order changing venue, and we remand this matter to the Second Judicial District Court with instruction to transfer the matter to the Eighth Judicial District Court.

---

[1]Pursuant to NRS 19.013(1), appellant, as the party commencing the transfer, is responsible for paying the fee upon transfer. We note, however, that the Clerk of the Eighth Judicial District Court acted improperly in returning, at respondent's request, the case file to the county from which it was transferred. *See* NRS 13.050(3) (upon change of venue, all other proceedings shall take place in transferee court and papers shall be filed or transferred accordingly). Thus, the proper course of conduct would have been for the Clerk of the Eighth Judicial District Court to stamp the file as received and to make formal demand upon appellant to pay the necessary fee. NRS 19.013(2); 19.060.