ROXANNE GREY, Appellant, v. LOUIS
GREY, Respondent.

No. 26076

March 30, 1995                              892 P.2d 595

*Kenneth V. Ward* and *Leah C. Harper,* Yerington, for Appellant.

*Bruce I. Shapiro,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This appeal is occasioned solely by the filing practices of the Clerk of the Eighth Judicial District Court. Once again, a litigant has fallen victim to the faulty internal procedures of that office.

This action commenced on June 20, 1994, when respondent Louis Grey filed in the Eighth Judicial District Court a complaint for divorce from appellant Roxanne Grey. Louis also sought custody of the parties' minor children.

Roxanne sought a change of venue to the First Judicial District

Court in Carson City. Her demand for a change of venue, motion for a change of venue, points and authorities, affidavit and notice of motion (collectively, the "venue documents") were dated July 21, 1994. The venue documents were not stamped "Filed" by the clerk of the district court, however, until August 1, 1994.

After conducting a hearing at which the district judge examined clerk's office personnel regarding their office procedures, the district judge orally denied the change of venue. Thereafter, Roxanne's attorney submitted a notarized affidavit in which she stated that she mailed the venue documents on July 22, 1994, and that on July 25, 1994, she spoke with the clerk's office employee in charge of the Family Court master calendar, who stated that she had received the venue documents but that she would have to transfer them to the legal department for processing and that they would be filed either that day or the next day. The record also contains a signed return receipt dated July 27, 1994, indicating receipt of the venue documents mailed to Louis.

On September 1, 1994, the district court issued a written order denying the demand and motion for a change of venue on the ground that it was not timely filed. This timely appeal followed.

Roxanne contends that the district court erred in denying her demand and motion for a change of venue on the ground that it was not timely filed. We agree.

Roxanne based her demand and motion for a change of venue on NRS 13.040, which states, in relevant part: "In all other cases [not governed by specific statute], the action shall be tried in the county in which the defendants . . . may reside at the commencement of the action . . . ." To obtain a change of venue as a matter of right, the demand must be timely filed. Kenning Car Rental v. Desert Rent-A-Car, 105 Nev. 118, 771 P.2d 150 (1989); Hood v. Kirby, 99 Nev. 386, 663 P.2d 348 (1983). The time for filing a demand for a change of venue as a matter of right is governed by NRS 13.050(1), which requires that the demand be filed "before the time for answering expires." The time for filing an answer is "within 20 days after the service of the summons and complaint." NRCP 12(a).

The parties agree that Roxanne was served on July 7, 1994. Thus, her demand for a change of venue was due July 27, 1994. The problem in this case is that Roxanne claims to have mailed the venue documents sufficiently far in advance such that they should have been received by the clerk's office in a timely fashion, yet they were not actually filed until August 1, 1994, three days past the deadline. Roxanne's claim is supported by a notarized affidavit of mailing indicating that the venue documents were mailed to Louis on July 22, 1994, and by a transmittal letter

to the clerk of the court dated July 22, 1994, which was submitted with the venue documents. The clerk's office did not stamp the documents received. However, evidence in the record, including the affidavit by Roxanne's attorney and the evidence pertaining to receipt of the venue documents by Louis on July 27, 1994, supports an inference that the venue documents were received by the clerk's office before the filing deadline. Clerk's office personnel testified that documents are not usually date-stamped upon receipt. They further testified that they had no independent recollection of when the venue documents were received. This testimony illustrates that the date of receipt of the venue documents by the clerk's office is, at the very least, ambiguous. Accordingly, we are compelled to resolve the ambiguity in Roxanne's favor. *Cf.* Huebner v. State, 107 Nev. 328, 810 P.2d 1209 (1991) (petition for rehearing granted where appellant timely mailed notice of appeal but clerk did not date-stamp it received and did not file it until after applicable deadline expired; ambiguity as to date document received to be resolved in appellant's favor).

The record contains substantial evidence to suggest that the tardiness in filing was due solely to delay inherent in the procedures of the clerk's office and not to any dilatory conduct by Roxanne or her attorney. We admonish the Clerk of the Eighth Judicial District Court that continued disregard of our directive in *Huebner* to stamp the date of receipt on every document received for filing will result in the imposition of sanctions. *Id.* at 332, 810 P.2d at 1212.

Accordingly, we vacate the order of the district court. If Roxanne resided in Carson City at the commencement of the action, as she alleged in her venue document, then she is entitled to a change of venue as a matter of right. *See* Damus v. Avis Rent A Car, 108 Nev. 46, 824 P.2d 283 (1992); Halama v. Halama, 97 Nev. 628, 637 P.2d 1221 (1981). Consequently, we remand this matter to the district court with instructions to determine Roxanne's county of residence at the commencement of the action, and then to proceed in accordance with this Opinion.[1]

---

[1]In her reply brief, appellant has moved to strike arguments in respondent's answering brief directed at the merits of the venue motion. She has also moved to strike references in respondent's answering brief to matters outside the record on appeal. Cause appearing, we grant appellant's motion. We have not considered matters in respondent's answering brief which address the merits of the venue motion or which refer to matters not contained in the record on appeal.