Hardesty, J.,
with whom Parraguirre and Saitta, JJ., agree, concurring:
I concur with the majority that a new trial is not the proper remedy when the only aggravating circumstance found by the jury is invalidated under this court’s decision in McConnell v. State.[1] And although I agree with the result reached by the majority, I write separately to express my belief that this case reveals three fundamental flaws in McConnell’s analytical framework.
First, the Legislature has adopted a statutory scheme to narrow the class of persons eligible for the death penalty, and I see no basis for this court to go beyond the Legislature’s construct for narrowing Nevada’s death penalty scheme. In particular, the Legislature set forth in NRS 200.030(1) the types of murder that compose first-degree murder, for which a defendant may be eligible for the death penalty. To further narrow the class of persons eligible for the death penalty, NRS 200.033 details 15 aggravating circumstances, including that the murder was committed during the perpetration of certain enumerated felonies. The decision to allow the dual use of certain felonies as the basis for a finding of first-degree murder and as an aggravating circumstance rests with the Legislature, and the Legislature has spoken in this regard. Nothing in the Nevada Constitution or in Lowenfield v. Phelps,[2] upon which this court relied in McConnell, calls into question the Legislature’s determination of aggravators to support the death penalty. What the McConnell decision does is place this court in the position of performing the narrowing function when that function falls within the province of the Legislature. Moreover, the McConnell court supplanted the Legislature’s narrowing prerogative without articulating any concrete standard for determining whether the Legislature has genuinely narrowed either in its definition of first-degree murder or in the aggravating circumstances that the jury may find at the penalty hearing.
*977 Second, in my view, McConnell is flawed because, contrary to this court’s conclusion, the Legislature has narrowly defined felony murder by limiting the felonies that subject a defendant to a first-degree murder conviction. These felonies of course involve crimes that are inherently dangerous. However, other inherently dangerous felonies — for example, felony DUI,[3] battery with substantial bodily harm with the use of a deadly weapon,[4] mayhem,[5] and assault with a deadly weapon[6] — are excluded from those contemplated by the first-degree felony-murder statute. Therefore, the premise upon which McConnell rests — that felony murder is broadly defined in Nevada — is false.
Third, this court’s problematic conclusion that felony murder is broadly defined is further compounded by this court’s use of Lowenfield as a springboard to impose an element of specific intent in the felony-murder aggravator. In particular, this court’s focus on the absence of a specific intent to kill in a felony-murder theory when addressing whether the felony-murder statute affords constitutional narrowing suggests that a specific intent to kill must accompany any aggravating circumstance even where intent has no bearing. Examples of such aggravating circumstances appear where the defendant has been convicted of another murder or felony involving the use or threat of force or committed the subject murder while under a sentence of imprisonment.[7] However, nothing in Lowenfield requires that specific intent be shown respecting any aggravator or that such a showing is required to satisfy the narrowing function required of a capital sentencing scheme. There is simply no constitutional, legislative, or jurisprudential basis to impose such a requirement for any aggravating circumstance.
In my view, McConnell does not limit the death penalty as the opinion purports, but rather functions to unnecessarily deprive the State of an aggravating circumstance when the State must use the act supporting it to prove a theory of murder. The legal underpinnings in McConnell will create problems not addressed by this court in that opinion when considering the issue of duality with other aggravating circumstances.
Despite my misgivings about McConnell, however, I do not advocate overruling that decision. The doctrine of stare decisis is an indispensable principle necessary to this court’s jurisprudence and to the due administration of justice. That doctrine holds that “a question once deliberately examined and decided should be con *978 sidered as settled.”[8] As McConnell is firmly entrenched in this court’s jurisprudence and has been relied upon in providing relief to defendants who have received death sentences, overruling that decision would be detrimental to the administration of justice. I write separately merely to express my intellectual disagreement with the analysis in McConnell, as I was not a member of this court when the case was decided.

 120 Nev. 1043, 102 P.3d 606 (2004).

 484 U.S. 231 (1988).

NRS 484.3792(l)(c).

NRS 200.481(2)(e)(2).

NRS 200.280.

NRS 200.471(2)(b).

See NRS 200.033(1), (2).

Stocks v. Stocks, 64 Nev. 431, 438, 183 P.2d 617, 620 (1947) (citation omitted).