IRWIN D. TOLBOE, DBA IRWIN D. TOLBOE CONSTRUCTION COMPANY, APPELLANT, *v.* WILLIAM PECCOLE, PETER PICCOLI, DON D. ATKIN AND MAE ATKIN, CHARLES L. MARTIN AND OLLIE MAE MARTIN, RESPONDENTS.

No. 4117

February 6, 1959

335 P.2d 77

*Milton W. Keefer,* of Las Vegas, for Appellant.

*Earl and Earl,* of Las Vegas, for Respondents.

## OPINION

By the Court, McNAMEE, J.:

This is an appeal from the judgment and order denying a new trial. Appellant was one of the defendants below. Respondents were the plaintiffs below.

Respondents brought an action to quiet title to that certain land located in Las Vegas, Clark County, Nevada, which had been the subject of a contract of sale between respondents as sellers and Towne and Country Shopping Center, Inc., a corporation, and others as buyers.

All of the defendants below defaulted, filed disclaimers, or executed quitclaims in favor of respondents, except appellant who claims to be the assignee of all of the

rights of Towne and Country Shopping Center, Inc., under the various instruments constituting the contract of sale.

The purchase price of the land was $900,000 of which the buyers agreed to pay $50,000 as an initial payment and the balance of $850,000 in the form of a note secured by a deed of trust against the property being sold.

The contract specifically provided that it was contingent upon the city rezoning part of the property and that the said initial payment of $50,000 would be made upon said rezoning; and it was further provided that "any terms and conditions imposed by the City of Las Vegas with reference to the rezoning of said property shall be incorporated in this agreement as an obligation of the purchasers to the vendors and any failure on the part of the purchasers to comply with said municipal requirements shall constitute a breach of this agreement."

The city rezoned the property subject to the condition that construction be commenced within five months, and thereafter the $50,000 was placed in escrow and ultimately delivered to respondents.

Upon the purchasers thereafter being unable to obtain a construction loan, and not commencing construction within the said period of five months or at all, and otherwise failing to perform their agreement, the sellers gave the buyers formal notice of default and "termination of option to purchase," and declared that they were retaining any sums paid to them as liquidated damages.

Appellant filed with his answer a counterclaim for the said $50,000 received by respondents, contending that the provision in the sale agreement[1] permitting its

---

[1]Paragraph 11 of said agreement provides: "It is further mutually understood and agreed by and between the parties hereto that the sum of FIFTY THOUSAND ($50,000) DOLLARS to be placed in escrow on the rezoning of this property, shall be security for the faithful performance of this agreement and in the event of breach of this agreement or any default therein, not agreed to in writing by the Vendors, will result in forfeiture of said sum of $50,000.00, it being agreed by and between the parties hereto that due to the nature of the contract it would be difficult to ascertain the exact amount of damages suffered by Vendors because of reason of the breach thereof."

retention by the sellers on default amounted to a forfeiture, was against public policy and void.

Appellant during the trial disclaimed any interest in the property and therefore the decree quieting title thereto was proper.

On this appeal we are concerned only with appellant's demand under his counterclaim. If he has any rights at all they are derivative from Towne and Country Shopping Center, Inc.

Error is assigned in admitting testimony of Hal Thompson concerning a conversation he had with respondent Peccole prior to the execution of the written instruments under the contention that such evidence tended to alter the terms of the writings. This testimony in no way altered the terms of the written agreements but related solely to the damages suffered by respondents as a result of purchasers' breach of contract. It was properly admitted in defense of an issue raised by counterclaim.

Appellant next asserts that the court erred in limiting proof to the aspect of quiet title alone. This is not the fact. After the respondents had rested, appellant moved for a dismissal of the complaint. This motion was denied. The appellant then put on his evidence in support of his counterclaim and rested. Appellant was not in any way limited by the trial court either in his proof or defense.

As his next assignment of error, appellant contends in effect that as the assignee of all the rights of Towne and Country Shopping Center, Inc., he is entitled to the $50,000 paid to the respondents. His reasoning is as follows: The stipulations for its payment to the respondent are void as opposed to public policy because they have the legal effect of a penalty; there had been no default in performance by the purchasers; the contract of sale

was impossible of performance; there was a mutual rescission of the agreements by the sellers and purchasers; the purchasers' performance was excused by the nonperformance of the sellers.

The trial court found contrary to these contentions of appellant and there is competent evidence to sustain these findings of the court. No further discussion of these matters seems warranted except with respect to the question of forfeiture.

The agreements between the buyers and sellers here were in legal effect a contract for the sale of realty. The provision therein that upon default of the purchasers the sum of $50,000 deposited by them would be forfeited, merely gave the sellers the choice of enforcing their full rights against the buyers or of claiming the amount deposited as liquidated damages. Thompson v. Exchange Bldg. Co., 157 Tenn. 275, 8 S.W.2d 489, 60 A.L.R. 693.

If the respondents had chosen to enforce their full rights the damages would have been uncertain and difficult to prove. They had a right to choose to accept the stipulated amount, and it is apparent from the wording of the contract that the buyers intended they should have that right. The amount is not unconscionable considering the subject matter of the agreement, and all the facts and circumstances under which the contract was made.

We hold therefore that the provision is in legal effect a provision for liquidated damages, legally enforceable as such and is not a penalty. Shields v. Early, 132 Miss. 282, 95 So. 839; Armstrong v. Irwin, 26 Ariz. 1, 221 P. 222, 32 A.L.R. 609.

The appellant, not having proved the allegations of his counterclaim, is entitled to no relief.

Affirmed with costs.

MERRILL, C. J., and BADT, J., concur.