JOHN L. WALDEN AND CECIL L. WALDEN, APPEL-
LANTS, v. SAM BACKUS AND VIRGINIA
BACKUS, RESPONDENTS.

No. 4912

December 8, 1965                    408 P.2d 712

[Rehearing denied January 4, 1966]

*Fry and Fry*, of Reno, for Appellants.

*Paul A. Richards* and *Chauncey G. Griswold*, of Reno,
for Respondents.

**OPINION**

By the Court, ZENOFF, D. J.:

On May 13, 1960, a conditional sales agreement was entered into between appellant, as seller, and respondent, as purchaser, of the Restwell Motel, in Reno. The total purchase price was $73,500, consisting of a $10,000 down payment, a note for $15,612.29, with sellers as payees, and the assumption by the buyers of two deeds of trust which were then outstanding.

Buyers took possession of the motel four days later and made one monthly payment. In the meantime, buyers sold the premises to a third person who defaulted sometime in July by reason of which buyers regained possession of the motel. At this time, also, payments to sellers were in default.

Because of this default, sellers notified the title company, the escrow agent, to notify buyers and demand payment within seven days or the escrow would be closed as per the sales agreement. The title company wrote a letter to buyers so notifying, but they claim not to have received such a letter.

Shortly thereafter, however, buyer Sam Backus telephoned seller John Walden and arranged a meeting of the parties. Pursuant to this phone call, seller went to the motel on September 28, 1960. The record indicates that the seller urged buyer to make the payments and retain possession of the premises and that the buyer stated he would not put any more money into the place, handed the keys to seller and left the premises.

Sellers remained in possession of the motel until March 1961, in the meantime advertising it for sale in several newspapers. In March 1961 he sold it for a total price of $62,658.79. On May 18, 1961, sellers made a written demand on buyers for payment of damages incurred as a result of the default. These damages included an amount representing the delinquent payments that were agreed to be paid but remained unpaid, repairs to fire damage to the premises, taxes, the loss occasioned by reason of the resale, and certain operational expenses which appellant claimed as losses.

A complaint was filed on December 4, 1961, seeking these damages. The answer set up as a defense, accord and satisfaction. The trial court, sitting without a jury, held that there had been an accord and satisfaction when the sellers retook possession and kept the down payment and the payment made, and, therefore, no deficiency was outstanding. It is from that decision that sellers bring this appeal.

1. At the trial stage of the proceedings the buyers pleaded the affirmative defense of accord and satisfaction. The district court sustained this defense.

Reviewing the record, we do not agree that accord and satisfaction was established. "Accord" is defined as "An agreement whereby one of the parties undertakes

to give or perform, and the others to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is, or considers himself, entitled to." 1 C.J.S. § 1(a) Accord and Satisfaction, 462. In the instant case, buyers voluntarily relinquished the premises which they were legally bound to do under the express terms of the contract. Therefore, since buyers gave nothing other than or different from that which they were already obliged to render under the contract of sale, there can be no accord.

The law of Nevada requires that the party availing himself of a plea of accord and satisfaction must bear the burden of proof and must establish *clearly* that there was a meeting of the minds of the parties, accompanied by a sufficient consideration. Wolf v. Humboldt County, 36 Nev. 26, 131 P. 964 (1913); Western Nat'l Ins. Co. v. Trent, 69 Nev. 239, 247 P.2d 208 (1952). Here it appears that the seller was reluctant to retake possession, that he had to do so when the buyer gave him the keys and walked away from the premises. Certainly there was no clear understanding that such give and take would constitute satisfaction in full of any obligation under the contract.

The voluntary relinquishment of the premises by buyers was not enough to support the purported accord since the sale agreement already provided that the premises be returned to the seller in the event of a default. Consideration for an agreement is not adequate when it is a mere promise to perform that which the promissor is already legally bound to do. G.M.A.C. v. Brown, 38 P.2d 482 (Cal. 1934).

We therefore hold that there was no accord and satisfaction proved.

2. Buyers' alternative contention involves the clause in the sales agreement providing "That in the

event of their default under any of the terms of this Contract, Sellers may, at Sellers option and without Notice, declare the unpaid portion of the Purchase price of said Premises, together with the interest thereon, immediately due and payable, whereupon Sellers may withdraw from said Escrow Account all Documents theretofore deposited therein by the Parties, and said Escrow Account between the Parties hereto shall be closed, and all of Buyers rights under this Contract shall be terminated, and Sellers shall have and hereby are given the right to retake or recover, at Buyers expense, possession of said Premises with or without process of law, *and Sellers shall retain as liquidated damages, and not as a penalty, and as liquidated damages for Buyers use and occupancy of said Premises, all monies theretofore paid to or for Sellers by them, but without prejudice to any other rights at law or in equity which Sellers shall or may have or take against Buyers on account of such default."* (Emphasis supplied.)

By reason of the quoted clause the buyers contend that their damages on default are liquidated, thereby precluding the sellers from seeking actual damages in this case. We need not decide the meaning of the liquidated damages provision of the contract, nor attempt to resolve the apparent ambiguity of the language used in that proviso. By filing this action the sellers elected to seek actual damages and chose not to rely upon the liquidated damage clause of the agreement. "The provision * * * that upon default of the purchasers the sum * * * deposited by them would be forfeited, merely gave the sellers the choice of enforcing their full rights against the buyers or of claiming the amount deposited as liquidated damages." Tolboe v. Peccole, 75 Nev. 86, 335 P.2d 77 (1959). See also Royer v. Carter, 233 P.2d 539 (Cal. 1951).

As we have determined that the lower court was in error in finding an accord and satisfaction, this case must be remanded for a determination of the sellers'

actual damages, if any, sustained by reason of the buyers' default. Credit shall be given to the buyers for monies paid by them to the sellers, in accordance with the contract, against the amount of actual damages, if any, determined by the lower court to be due sellers. Reversed and remanded.

THOMPSON and BADT, JJ., concur.