RAY ADELMAN AND KAY ADELMAN, HUSBAND AND WIFE, APPELLANTS, v. FORREST ARTHUR, A MARRIED MAN, AND JOSEPH J. McCAFFERY, JR., AS TRUSTEE OF PRUDENTIAL DIVERSIFIED SERVICES, A MONTANA CORPORATION, RESPONDENTS.

No. 5138

November 20, 1967                    433 P.2d 841

[Rehearing denied November 29, 1967]

*John A. Porter,* of Las Vegas, for Appellants.

*Jones, Wiener & Jones,* of Las Vegas, for Respondent, Forrest Arthur.

*Foley Brothers,* of Las Vegas, for Respondent, Joseph J. McCaffery, Jr., as Trustee of Prudential Diversified Services.

## OPINION

By the Court, BATJER, J.:

This is an appeal taken by the plaintiffs below from an order of involuntary dismissal of the action entered by the trial judge. The case was tried to the court below without a jury. Under NRCP 41(b) the order was entered after plaintiffs had completed presentation of their evidence on the ground that plaintiffs' evidence proved an accord and satisfaction to the benefit of the defendants and third-party defendants.

Upon this appeal the plaintiffs contend that a sufficient case had been proved, that there was no accord and satisfaction and that the court was in error in ordering involuntary dismissal.

On August 12, 1960, Ray Adelman and Kay H. Adelman,

appellants (plaintiffs below), hereinafter referred to as "Adelman," sold lots 5 and 6 in block 1 of Judy Rich tract, Clark County, Nevada, to Forrest Arthur, respondent (defendant below), hereinafter referred to as "Arthur," taking back from Arthur a deed of trust, junior to four other deeds of trust securing the amount of $59,433.67, evidenced by two promissory notes, one for $24,433.67, the other for $35,000. The $35,000 note was paid in full and cancelled. The deed of trust remained in force to the extent of the original debt.

On October 1, 1961, Arthur conveyed all his interest in the above-specified property to Prudential Diversified Services, a Montana corporation (third-party defendant below), hereinafter referred to as "Prudential." That conveyance was recorded on December 14, 1961.

On April 23, 1962, Prudential sold all its interest in lots 5 and 6 of the Judy Rich tract to Benjamin F. Dreher and Donna L. Dreher, hereinafter referred to as "Dreher."

On August 2, 1963, Adelman, pursuant to NRS 107.100[1], brought action No. A3218 in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, against Dreher as successors in interest to Arthur. That action was settled on October 22, 1963, when Dreher executed a new promissory note in the amount of $24,433.67 payable to Adelman. Dreher also executed a new deed of trust covering lots 5 and 6 in block 1, Judy Rich tract, and on the same date executed another deed of trust covering lot 7 in block 1, Judy Rich tract, also securing the newly executed promissory note.

On October 22, 1963, Dreher paid to Adelman as further consideration for the settlement of case No. A3218, the sums of $1,882.76 and $162.89.

Pioneer Title Insurance Company, as collection agent, thereafter using the same collection number, continued to collect payments from Dreher, and on its collection ledgers

---

[1]NRS 107.100. *"Receiver: Appointment after filing notice of breach and election to sell.*

"1. At any time after the filing of a notice of breach and election to sell real property under a power of sale contained in a deed of trust, the trustee or beneficiary of the deed of trust may apply to the district court for the county in which the property or any part of the property is located for the appointment of a receiver of such property.

"2. A receiver shall be appointed where it appears that personal property subject to the deed of trust is in danger of being lost, removed, materially injured or destroyed, that real property subject to the deed of trust is in danger of substantial waste or that the income therefrom is in danger of being lost, or that the property is or may become insufficient to discharge the debt which it secures."

substituted, under the heading "payor," Prudential for Arthur, then Dreher for Prudential.

On June 9, 1964, lot 7 in block 1 of the Judy Rich tract was sold by the trustee under the provision of a senior deed of trust and is of no further consequence in this case.

On June 12, 1964, after Dreher had again defaulted, a holder of one of the senior deeds of trust foreclosed and lots 5 and 6 in block 1 of the Judy Rich tract were sold. After costs were paid, Adelman received $1,039.58. On September 18, 1964, Adelman brought suit against Arthur and Dreher for the deficiency. Arthur brought Prudential into the action as a third-party defendant.

Benjamin F. Dreher was not served with process. Donna L. Dreher was served but did not appear, and a default was entered against her. At the trial, the attorneys for Arthur and Prudential moved, upon the affirmative defense of accord and satisfaction, for an involuntary dismissal under NRCP 41(b)[2], which motion was granted, and Adelman appeals.

As assignments of error Adelman alleged:

1. The district court erred in excluding parol evidence to show Adelmans' intent in dealing with Dreher.

2. (a) That Arthur and Prudential failed to prove novation.

(b) The district court erred in dismissing the action pursuant to NRCP 41(b) in the absence of a clear showing that Adelmans' acceptance of Drehers' written obligation was intended to release Arthur from his obligation to Adelman.

The trial court never ruled on the admissibility of parol evidence because the question was never directly before that court. Adelman's first assignment of error is without merit.

Although the theory of novation was raised by Arthur as an affirmative defense, it was specifically abandoned by both Arthur and Prudential, and the question of whether or not novation was proved is not before this court.

---

[2]NRCP 41(b). *"Involuntary Dismissal: Effect thereof.*

"For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for lack of an indispensible party, operates as an adjudication upon the merits."

In support of their motion for dismissal pursuant to NRCP 41(b), Arthur and Prudential rely on the affirmative defense of accord and satisfaction, which they claim was proved by Adelman.

Upon considering a defendant's motion for an involuntary dismissal of an action at the close of a plaintiff's case under NRCP 41(b), all evidence must be regarded in the light most favorable to the plaintiff.

This court, in the case of Gordon v. Cal-Neva Lodge, Inc., 71 Nev. 336, 291 P.2d 1054 (1955), said:

"Upon this issue plaintiff's evidence and all inferences that reasonably can be drawn from it must be deemed admitted and the evidence must be interpreted in the light most favorable to plaintiff. Corn v. French, 71 Nev. 280, 289 P.2d 173. It is conceded that this well recognized rule applies whether the trier of fact be judge or jury. McCafferty v. Flinn, 32 Nev. 269, 107 P. 225." See also Kilb v. Porter, 72 Nev. 118, 295 P.2d 856 (1956); Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682 (1962).

In the case under consideration neither Arthur nor Prudential especially pleaded accord and satisfaction as required by NRCP 8(c)[3], however, there occurs an exception to the requirement that accord and satisfaction be especially pleaded when the fact of accord and satisfaction is disclosed by the evidence offered in behalf of the plaintiff. In such a case a defendant is entitled to take advantage of such a disclosure, notwithstanding the fact that he has made no plea of accord and satisfaction.

In Riskas v. DeLaMontanya, 302 P.2d 821, (Cal.App. 1956), the court said: "While the general rule is that he who relies on an accord and satisfaction must plead both (Berger v. Lane, 190 Cal. 443, 447, 213 P. 45) there is an exception

---

[3]NRCP 8(c). *"Affirmative Defenses.*

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

to the rule. 'This rule, however, we take it is subject to the exception that if a plaintiff, as a part of his case, proves a payment, and the circumstances under which it was made tend to show an accord and satisfaction, the defendant may rely upon the facts thus shown as constituting an accord and satisfaction though not pleaded as such in the answer.' B. & W. Engineering Co. v. Beam, 23 Cal.App. 164, 177, 137 P. 624, 629."

Reviewing the record we find that Adelman did prove a sufficient case but that the above-noted exception does not apply here because Adelman did not prove accord and satisfaction for the benefit of Arthur and Prudential.

To successfully maintain the fact of an accord and satisfaction there must be a meeting of the minds of the parties. No such meeting of the minds ever occurred between Adelman and Arthur or Adelman and Prudential. At the time Dreher gave Adelman the additional security, there was no communication whatsoever between Adelman and Arthur or Adelman and Prudential concerning the Dreher transactions.

In the case of Walden v. Backus, 81 Nev. 634, 408 P.2d 712 (1965), this court said:

"The law of Nevada requires that the party availing himself of a plea of accord and satisfaction must bear the burden of proof and must establish *clearly* that there was a meeting of the minds of the parties, accompanied by a sufficient consideration, Wolf v. Humboldt County, 36 Nev. 26, 131 P. 964 (1913); Western Nat'l Ins. Co. v. Trent, 69 Nev. 239, 247 P.2d 208 (1952)."

The lower court was in error in granting the motion to dismiss.

Reversed with costs to appellant and remanded with the direction that the order granting the motion for dismissal under NRCP 41(b) be set aside and for further proceedings.

THOMPSON, C. J., COLLINS, J., ZENOFF, J., and MOWBRAY, J., concur.