MOUNTAIN SHADOWS OF INCLINE, a NEVADA CORPORATION, APPELLANT, v. GEORGE KOPSHO, RESPONDENT.

No. 8562

October 28, 1976                   555 P.2d 841

[Rehearing denied January 10, 1977]

*Edmund S. Barnett,* Crystal Bay, for Appellant.

*Julian C. Smith, Jr.,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

The district court awarded respondent a judgment against appellant based on an oral employment contract between the parties. Appellant contends we must reverse because the district court erred by finding (1) there was a binding contract, and (2) there was no accord and satisfaction of appellant's obligations.

1. We reject appellant's contention that it cannot be bound by its employment contract because the contract was not reduced to a written agreement and signed by the parties.

" 'Where a complete contract was made orally, the fact that it was expected that a written contract would afterwards be signed, embodying the terms of the oral contract, does not prevent the oral contract from taking effect.' " Micheletti v. Fugitt, 61 Nev. 478, 489, 134 P.2d 99, 104 (1943). Accord: Thompson v. Schurman, 150 P.2d 509 (Cal.App. 1944). Here, the district court found the parties orally agreed to a complete contract with the mutual intention that it would become binding immediately, even though it was contemplated that a formal written agreement was thereafter to be prepared and signed. This finding is supported by substantial evidence; therefore, it will not be disturbed on appeal. Alves v. Bumguardner, 91 Nev. 799, 544 P.2d 436 (1975); County of Clark v. Lucas, 91 Nev. 263, 534 P.2d 499 (1975).

2. We also reject appellant's contention that an accord and satisfaction discharged all its obligations to respondent. To establish an accord and satisfaction, it must be clearly shown that ". . . there was a meeting of the minds of the parties, accompanied by a sufficient consideration." Walden v. Backus, 81 Nev. 634, 637, 408 P.2d 712, 713–14 (1965). See also, Adelman v. Arthur, 83 Nev. 436, 433 P.2d 841 (1967); and, Wolf v. Humboldt County, 36 Nev. 26, 131 P. 964 (1913). Here, the district court found there was no meeting of the minds or adequate consideration. This finding is also supported by substantial evidence and will not be disturbed on appeal. Alves v. Bumguardner, cited above; County of Clark v. Lucas, cited above.

Collateral issues raised by appellant are without merit.

Respondent is allowed interest on the judgment, and costs. NRAP 37; NRAP 39(a). His request for an attorney's fee, under NRAP 39, is denied.

Affirmed.