SCHWABACHER AND CO., Appellant, *v.* RAY V. ZOBRIST AND MARILYN ZOBRIST, Respondents.

Nos. 11058 and 11434

March 19, 1981                                                625 P.2d 82

*Jolley, Urga & Wirth,* Las Vegas, for Appellant.

*Leavitt, Graves & Leavitt,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Case No. 11058 is an appeal arising from an action in which appellant Schwabacher was plaintiff, based on alleged fraudulent concealment, conversion and fraud in a stock transaction. At the conclusion of appellant's evidence, the district court granted respondents, the Zobrists, an involuntary dismissal under NRCP 41(b). Case No. 11434 is an appeal from a post-judgment order granting respondents' motion to assess costs and attorneys' fees pursuant to NRCP 68.

In evaluating an appeal from an involuntary dismissal of an action at the close of the plaintiff's case, "plaintiff's evidence and all inferences that reasonably can be drawn from it must be deemed admitted and the evidence must be interpreted in the light most favorable to plaintiff." Gordon v. Cal-Neva Lodge, Inc., 71 Nev. 336, 337, 291 P.2d 1054 (1955); Bates v. Cottonwood Cove Corp., 84 Nev. 388, 391, 441 P.2d 622 (1968); Adelman v. Arthur, 83 Nev. 436, 440, 433 P.2d 841 (1967). Our review of the record compels us to conclude that the appellant made out a sufficient case, to withstand dismissal under NRCP 41(b), and that respondents were sufficiently notified of appellant's claims by its complaint. Therefore, in Case No. 11058, we conclude the district court erred when it granted respondents' motion, and we reverse the matter for a trial on the merits. This resolution compels us to reverse the court's order in Case No. 11434 also, because the basis for the order no longer exists—*i.e.,* a judgment finally obtained by appellant that is not more favorable than the settlement offer made by respondents.[1]

Reversed and remanded.

---

[1]NRCP 68 provides in relevant part:

"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. . . . *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall not recover costs, nor attorneys fees, but shall pay the costs and attorneys' fees, if any be allowed, of the party making the offer from the time of the offer. . . .*" (Emphasis added.)