MORRIS DeLEE FAMILY TRUST; MORRIS DeLEE as Trustee of the Morris DeLee Family Trust, and MORRIS DeLEE, Individually, Appellant, *v.* COST REDUCTION ENGINEERING, INC.; JAMES EDWARD OWEN and TITLE SERVICE AND ESCROW CO., Respondents.

No. 15421

September 5, 1985 705 P.2d 161

*Peter L. Flangas,* Las Vegas, for Appellant.

*Frank J. Cremen,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On January 19, 1979, Morris DeLee sold 2,040 acres of undeveloped land in the Amargosa Valley in Nye County, Nevada, to Cost Reduction Engineering, Inc. (CRE) and James E. Owen for the sum of $612,000. CRE paid $175,000 to DeLee and executed a promissory note in favor of DeLee for the balance of $437,000. Payment of this note was guaranteed by Owen individually and secured by a deed of trust executed and recorded on January 25, 1979. The principal of the note was payable in three annual installments of $150,000 each and due on the first day of January in 1980, 1981, and 1982 respectively. The unpaid balance was to carry interest at 10 percent per annum.

On January 1, 1980, CRE was unable to make the initial installment payment of $150,000. On May 20, 1980, the parties entered into an extension agreement by which CRE was given until October 25, 1980, to pay a total of $168,000. This higher sum was intended by the parties to be an amount equal to the initial installment payment under the note and the accrued interest to date. In September, 1980, CRE paid $150,000 to DeLee and gave him a promissory note for the balance of $18,000. DeLee accepted this arrangement.

On January 1, 1981, CRE was unable to make the second installment payment of $150,000 under the original agreement. On March 11, 1981, the parties signed a document which required Owen to pay interest on all delinquent sums at the increased rate of 18 percent per annum. Additionally, the parties agreed that upon the settlement of the promissory notes then outstanding, Owen was to have the property appraised and an

unspecified participation was to be granted to DeLee in accordance with the differential as established by the two appraisals.[1]

In April, 1982, having not received any further payments from Owen or CRE, DeLee commenced an action seeking judicial foreclosure. Following a trial, at which respondents asserted the affirmative defense of accord and satisfaction, the district court found that the agreement between the parties signed on March 11, 1981, constituted an accord and satisfaction by which the underlying agreement had been altered. The district court found that this new agreement substituted an equity interest in the property in the form of an unspecified participation for the security interest on the promissory note and that the parties had intended a reasonable period of time in which the property was to be sold to be five years from the date of the new agreement. The district court dismissed the action for judicial foreclosure as premature. This appeal resulted.

An accord is an agreement whereby one of the parties undertakes to give or perform, and others to accept, in satisfaction of a claim something other than or different from what he is, or considers himself, entitled to. Walden v. Backus, 81 Nev. 634, 408 P.2d 712 (1965). Yet an accord and satisfaction should not be maintained as a "pitfall into which the unwary may fall by some act wholly unintended to express his acquiescence in a transaction, wherein his lack of experience or lack of knowledge of technical law might debar him from a right of action." Western Nat. Ins. Co. v. Trent, 69 Nev. 239, 244, 247 P.2d 208 (1952) citing Wolf v. Humboldt County, 36 Nev. 26, 131 P. 964 (1913).

A finding of an accord and satisfaction requires a "meeting of the minds" of the parties on the terms of the agreement. Pederson v. First Nat'l Bank of Nevada, 93 Nev. 388, 392, 566 P.2d 89 (1977); Wolf v. Humboldt County, *supra* at 31, 965. It can never be implied from language of doubtful meaning. It must clearly appear from the evidence that there was in fact and in reality a meeting of the minds before we will consider an agreement an accord and satisfaction. Adelman v. Arthur, 83 Nev. 436, 433 P.2d 841 (1967).

---

[1] The reference to two appraisals is one of several ambiguities in the document. Neither party was sure that there even were two appraisals of the property. DeLee testified at trial that he thought there had been an appraisal made a year earlier, but that he was unsure about it. There is nothing in the record which establishes that a previous appraisal had been made or that Owen knew of it.

Appellant contends that the document signed by the parties on March 11, 1981, was not an accord and satisfaction but was intended to be an extension agreement similar to the previous extension agreement between the parties. We agree.

Our review of the record and oral argument reveals no substantial evidence upon which the district court could have found that the parties intended the March 11, 1981, agreement to be an accord and satisfaction. Indeed, we find substantial evidence indicating the parties never intended the document to be anything other than an extension agreement providing for additional compensation to appellant in the form of an increased rate of interest on the delinquent amounts owed and an unspecified participation at the time of the sale of the property. Both parties characterized the March 11, 1981, document as an extension agreement. Appellant never indicated an intent to have this agreement replace or supersede respondents' obligations under the original agreement. There does not appear from the record to have been the requisite clear meeting of the minds of the parties that the March 11, 1981, agreement was to operate as an accord and satisfaction. Indeed, it appears that there was a clear meeting of the minds of the parties that this document was not an accord and satisfaction.

This was not a compromise agreement whereby the parties enter into a contract in an effort to resolve their differences over a claim and agree to an amicable settlement based on mutual concessions. *Cf.* Johnson v. Utile, 86 Nev. 593, 472 P.2d 335 (1970). There were no mutual concessions between the parties.

Neither was it a substituted contract. There is no mention or apparent intent by either party to substitute this agreement for the original agreement even though immediate effect was given to the new document's provisions. On the contrary, the outstanding promissory notes are incorporated by reference into the new agreement and are conceded to be ongoing obligations on the part of the respondents.

The district court erred in finding that the agreement between the parties dated March 11, 1981, constituted an accord and satisfaction. While the district court found that the parties had intended to give respondents a reasonable period of time in which to sell the property, given appellant's age and circumstances, whatever constituted a reasonable period of time has now passed. The district court should now allow appellant to proceed with an action for judicial foreclosure.

Accordingly, we reverse the order of the district court dismissing appellant's action for judicial foreclosure and remand for proceedings consistent with this opinion.

SPRINGER, C. J., and GUNDERSON, STEFFEN, and YOUNG, JJ., and GUINAN, D. J.,[2] concur.

---

[2]The Governor designated The Honorable James J. Guinan, Judge of the Second Judicial District Court, to sit in the place of THE HONORABLE JOHN C. MOWBRAY, Justice, who voluntarily disqualified himself. Nev. Const., art. 6 § 4.