SCHWABACHER AND CO., Appellant, *v.* RAY V. ZOBRIST and MARILYN ZOBRIST, Respondents.

No. 16025

March 5, 1986

714 P.2d 1003

*Jolley, Urga, Wirth & Woodbury,* Las Vegas, for Appellant.

*Leavitt & Leavitt,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

Appellant Schwabacher and Co. (Schwabacher) commenced this action to recover damages from respondents Ray V. Zobrist and Marilyn Zobrist (the Zobrists) resulting from a stock sale transaction. The trial court ruled in favor of the Zobrists and Schwabacher appealed.

In the late 1960's, Schwabacher was a San Francisco stock brokerage house with a branch office in Las Vegas. On July 24, 1967, the Kentucky Fried Chicken (KFC) stock transfer agent issued to the Zobrists two hundred shares of KFC stock which the Zobrists had previously purchased through Schwabacher's Las Vegas Branch office. Those two hundred shares of KFC stock were represented by KFC stock certificates N13353 and N13354, each certificate representing one hundred shares of KFC stock.

On November 26, 1967, the Zobrists asked Schwabacher to sell the two hundred shares of KFC stock. On December 6, 1967, the Zobrists delivered the KFC stock certificates to Schwabacher and Schwabacher sold the stock. The sale of the one hundred shares of KFC stock represented by KFC stock certificate N13354 registered immediately in the KFC stock transfer agent's records. However, the sale of the one hundred shares of KFC stock represented by KFC stock certificate N13353 did not register in the KFC stock transfer agent's records until January 3, 1968.

On December 5, 1967, KFC declared a two hundred percent stock split with a record date of December 15, 1967, and a payment date of December 16, 1967. On December 16, 1967, the KFC stock transfer agent issued to every KFC shareholder of record on December 15, 1967, two shares of KFC stock for every share already owned.

Though the Zobrists had sold their two hundred shares of KFC stock on December 6, 1967, according to the KFC stock transfer agent's records, the Zobrists were the record owners of the one hundred shares of KFC stock represented by KFC stock certificate N13353 until January 3, 1968. Consequently, on December 16, 1967, the KFC stock transfer agent issued to the Zobrists two hundred new shares of KFC stock—two new shares of KFC stock for every share of KFC stock that KFC stock certificate N13353 indicated the Zobrists owned. These two hundred new shares of KFC stock were represented by KFC stock certificate N18609.

On September 23, 1968, pursuant to the Zobrists' prior request, Schwabacher sold the two hundred new shares of KFC stock represented by KFC stock certificate N18609. Schwabacher received $14,797.10 for the stock, issued the Zobrists a check for $1,511.39, and credited the Zobrists' account with the difference.

At the end of 1968, Schwabacher discovered that it was short four hundred shares of KFC stock—the two hundred shares of KFC stock represented by KFC stock certificate N18609 plus an additional two hundred shares because, meanwhile, KFC stock had split again. On December 31, 1968, to make up for this shortage, Schwabacher purchased four hundred shares of KFC stock on the market for $17,600.00.

In 1972, Schwabacher traced the shortage to the Zobrists. The assistant manager of liquidation of Schwabacher testified that on January 18, 1972, Mr. Zobrist told her over the telephone that he would pay Schwabacher $14,797.10, the amount the Zobrists had received as a result of the sale of the two hundred new shares of KFC stock represented by KFC stock certificate N18609. The assistant manager of liquidation of Schwabacher also testified that Mr. Zobrist thereafter changed his mind and refused to pay Schwabacher the money.

Schwabacher filed a complaint against the Zobrists in which it sought recovery of the $14,797.10 that the Zobrists received as a result of the sale of the two hundred new shares of KFC stock represented by KFC stock certificate N18609. The case was tried without a jury. After Schwabacher had concluded the presentation of its case-in-chief, the district court granted the Zobrists' motion to dismiss. We reversed the district court dismissal and remanded the case to the district court for a new trial. Schwabacher & Co. v. Zobrist, 97 Nev. 97, 625 P.2d 82 (1981). The case was again tried without a jury and the district court entered judgment for the Zobrists.

Schwabacher argues on appeal that a stock brokerage house is entitled to recover against a seller of stock where (1) at the

seller's request, the brokerage house sells stock owned by the seller, and the sale does not immediately register in the corporation's stock transfer agent's records, (2) after the sale, but before the sale registers in the corporation's stock transfer agent's records, the corporation declares and pays a stock dividend, which the former seller receives and retains, (3) and the brokerage house thereafter is obliged to purchase additional stock on the market to make up for the shortage caused by the seller's retention of the stock dividend. We agree. We reverse the district court judgment in favor of the Zobrists and order the district court to enter judgment in favor of Schwabacher for $14,797.10, interest, and costs.

An unregistered transfer of stock, that is, a transfer of stock that has not yet registered in the corporation's stock transfer agent's records, is valid as between the purchaser and the seller of the stock. 12 W. M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations, § 5496 (C. M. Thompson rev. ed. 1985). This Court stated in Petition of Simrak, 61 Nev. 431, 434, 132 P.2d 605, 606 (1942): "A transfer of stock between individuals, in order to receive recognition by the corporation, must be registered upon its books; however, if not so registered, the transfer is binding upon the parties, and the equitable title, at least, passes." *See* Miller v. Wahyou, 235 F.2d 612 (9th Cir. 1956).

Where an unregistered transfer of stock has occurred, the seller of the stock is the trustee of the stock for the benefit of the purchaser of the stock. When an unregistered transfer of stock has occurred, the purchaser of that stock is entitled, as against the seller of the stock, to the benefits growing out of the stock and is likewise responsible for the burdens and liabilities growing out of its ownership. 12 W. M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations, § 5498 (C. M. Thompson rev. ed. 1985). If an unregistered transfer of stock has occurred, and the seller of the stock receives dividends that accrued after the sale, the purchaser of the stock is entitled to recover those dividends from the seller of the stock. As is stated in 12 W. M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations, § 5499 (C. M. Thompson rev. ed. 1985) (footnotes omitted): "Since an unregistered transfer is good as between the parties, . . . the transferee, in the absence of agreement to the contrary, is entitled to all dividends declared after the transfer, even though the transfer is not registered, in the absence of some statutory provision to the contrary."

Because, where an unregistered transfer of stock has occurred,

the *purchaser* of the stock is entitled to recover from the seller of the stock dividends that have accrued after the sale, we hold that, so too, is a *brokerage house* entitled to recover from a seller of stock such dividends in circumstances similar to those that occurred in the instant case. Brower v. Fenner & Beane, 188 So. 240 (Ala. 1939). Denying a brokerage house recovery in such circumstances would be unjust to the brokerage house and would result in a windfall to the seller of the stock to which he is neither legally nor equitably entitled.

We will not hesitate to reverse a verdict where there is no substantial conflict in the evidence on any material point and the verdict is manifestly contrary to the evidence. Avery v. Gilliam, 97 Nev. 181, 625 P.2d 1166 (1981). In the instant case, there is no conflict in the evidence on any material point. The district court judgment in favor of the Zobrists is manifestly contrary to the evidence. Consequently, we reverse the district court judgment in favor of the Zobrists and order the district court to enter judgment in favor of Schwabacher for $14,797.10, interest, and costs.