An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MATRELL KESHUN DUNCAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65013

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DISMISSING APPEAL

This is an appeal from a district court order revoking probation and amended judgment of conviction and from a district court order clarifying appellant's probation revocation. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Because the notice of appeal was untimely filed from the order revoking probation and amended judgment of conviction, and no statute or court rule allows an appeal from an order clarifying probation revocation, we previously directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

In response, appellant acknowledges that the order revoking probation and amended judgment of conviction was reversed and remanded as the result of a prior appeal. He seems to contend, however, that because the order revoking probation was not sufficiently clear to allow meaningful appellate review, the appeal period did not begin to run until the basis of that order was made clear. In other words, the appeal period began on January 14, 2014, the date the clarification order was

14-15353

entered. Appellant does not assert that the order clarifying the probation revocation order is independently appealable.

The notice of appeal was filed in the district court on February 12, 2014, almost 18 months after the order for revocation of probation and amended judgment of conviction was filed in the district court. The notice of appeal was thus filed well after the 30-day appeal period provided by NRAP 4(b)(1)(A). Appellant cites no authority in support of, and we reject, his argument that the clarification order restarted the appeal period.

To the extent appellant contends that the clarification order merely supplemented the order revoking probation and amended judgment of conviction and this appeal is a continuation of the prior appeal from that order, we disagree because our July 22, 2013, order of reversal and remand constituted the final resolution of that appeal. With entry of that order, there was no enforceable order revoking probation and amended judgment of conviction. *See Schwabacher and Co. v. Zobrist*, 97 Nev. 97, 98, 625 P.2d 82, 82 (1981); *see also, e.g., Smith v. Smith*, 118 So. 2d 204, 205-06 (Fla. 1960); *Moore v. N. Am. Van Lines*, 462 S.E.2d 275, 276 (S.C. 1995).

Because the notice of appeal was untimely filed from the order revoking probation and amended judgment of conviction, and no statute or court rule allows an appeal from an order clarifying probation revocation, we conclude that we lack jurisdiction over this appeal, *see Lozada v. State,*

110 Nev. 349, 352, 871 P.2d 944, 946 (1994); *Castillo v. State,* 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990), and

ORDER this appeal DISMISSED.[1]

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                                        Cherry

cc:    Hon. Michelle Leavitt, District Judge
        Lambrose Brown
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk
        Matrell Keshun Duncan

---

[1]In light of this order, appellant's motion to supplement the record on appeal is denied as moot.