# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL P. KLAHN, SR.,
Appellant,
vs.
VALLEY FEDERAL CREDIT UNION
OF MONTANA,
Respondent.

No. 75889

DANIEL P. KLAHN, SR.,
Appellant,
vs.
VALLEY FEDERAL CREDIT UNION
OF MONTANA,
Respondent.

No. 77127

FILED

SEP 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

These are consolidated appeals from a district court order quashing service and dismissing a negligence complaint and from a post-judgment order awarding attorney fees. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

In 2013, appellant Daniel P. Klahn filed suit against respondent Valley Federal Credit Union (VFCU) alleging various tort claims arising out of VFCU's conduct in closing his savings account and applying the funds to pay off his credit card balance (the Prior Action). The Prior Action became an asset in Klahn's later bankruptcy and was subsequently resolved as part of a settlement in the bankruptcy proceedings. In 2017, Klahn filed a new action against VFCU (the Nevada Action), alleging that VFCU continued to damage his credit by falsely reporting that his credit card was included in his bankruptcy "with a

20-35883

negative history." VFCU moved to dismiss the Nevada Action, arguing that Klahn's claims were barred by the doctrines of claim preclusion, issue preclusion, and accord and satisfaction, and that the applicable statutes of limitation had expired. VFCU also moved to quash service of the complaint and summons. The district court granted both motions[1] and awarded VFCU attorney fees and costs as a prevailing party pursuant to the bankruptcy settlement agreement.

Klahn first argues that the district court erred in dismissing his complaint because his claims in the Nevada Action are based on actions VFCU took after the Prior Action resolved. Reviewing de novo, *Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014), we agree. Our "review [of] a dismissal under NRCP 12(b)(5) is rigorous as this court must construe the pleading liberally and draw every fair inference in favor of the non-moving party." *Simpson v. Mars Inc.*, 113 Nev. 188, 190, 929 P.2d 966, 967 (1997). Viewed through this lens, the alleged wrongful conduct in the Nevada Action is that VFCU made false reports about Klahn's credit card account *after* the Prior Action settled. Because Klahn's claims in the Nevada Action are not "based on the same facts and alleged wrongful conduct" as the Prior Action, *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-58, 194 P.3d 709, 713-15 (2008) (discussing claim

---

[1]The district court's order does not state the basis for dismissing Klahn's complaint. That omission makes this court's review difficult. We remind the district court that clearly articulating the basis for its decision facilitates appellate review.

preclusion), claim preclusion does not bar the Nevada Action.[2] Moreover, because "the facts essential to establish the cause[s] of action pleaded" in the Prior Action are not the "same facts needed to prove the cause[s] of action alleged" in the Nevada Action, issue preclusion does not bar the Nevada action. *Clark v. Clark*, 80 Nev. 52, 56 n.2, 389 P.2d 69, 71 n.2 (1964); *see also Five Star Capital*, 124 Nev. at 1055, 194 P.3d at 713-14 (listing the elements of issue preclusion).

Klahn's claims are also not barred by the applicable statutes of limitation, as the allegations in the Nevada Action do not "demonstrate that the statute[s] of limitation[ ] ha[ve] run," *In re Amerco Derivative Litig.*, 127 Nev. 196, 228, 252 P.3d 681, 703 (2011) (providing that dismissal based on the expiration of a statute of limitations is appropriate when the complaint demonstrates the claim's untimeliness), despite VFCU's arguments to the contrary. And the complaint need not specify when Klahn discovered the injuries forming the basis of his claims. *Siragusa v. Brown*, 114 Nev. 1384, 1392 n.6, 971 P.2d 801, 807 n.6 (1998) (rejecting any requirement that a

---

[2]Because the Nevada Action is based on post-settlement conduct, we further conclude that the settlement agreement in Klahn's bankruptcy could not serve as the basis for an accord and satisfaction, as the agreement does not bar future claims against VFCU based on later-occurring events. *See Pierce Lathing Co. v. ISEC, Inc.*, 114 Nev. 291, 297, 956 P.2d 93, 97 (1998) (setting forth the elements to prove an accord and satisfaction); *cf. Morris DeLee Family Tr. v. Cost Reduction Eng'g, Inc.*, 101 Nev. 484, 486-87, 705 P.2d 161, 163 (1985) (observing that an accord and satisfaction "can never be implied from language of doubtful meaning" and requiring substantial evidence to support a finding that the parties intended an agreement to be an accord and satisfaction).

party plead the timing of the discovery of an injury with specificity). Thus, at the motion to dismiss stage, dismissal based on the applicable statutes of limitation would be inappropriate in this case.[3] *See Holcomb Condo. Homeowners' Ass'n v. Stewart Venture, LLC*, 129 Nev. 181, 186-87, 300 P.3d 124, 128 (2013) (reviewing de novo a dismissal based on the expiration of the statute of limitations).

Having rejected all the possible bases for the district court's dismissal order,[4] *see Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (subjecting dismissal orders to rigorous review on appeal and reviewing legal conclusions in a dismissal order de novo), we conclude that the district court erred by granting VFCU's motion to dismiss. Given our disposition, we necessarily also reverse the district court's award of attorney fees and costs to VFCU in Docket No. 77127. *See Barnum v. Williams*, 84 Nev. 37, 42, 436 P.2d 219, 222-23 (1968) (holding

---

[3]We reject VFCU's argument that Klahn failed to oppose its statute of limitations argument before the district court, as Klahn's written opposition asserted that he did not learn about VFCU's alleged conduct until March 2016.

[4]We also conclude that the district court abused its discretion in quashing service as Klahn properly served VFCU, though the Eighth Judicial District Court clerk's office delayed filing Klahn's proof of service until after the hearing on VFCU's motion. *See* NRCP 4(c) (allowing service of process "by the sheriff . . . of the county where the defendant is found"); *see also Abreu v. Gilmer*, 115 Nev. 308, 312-13, 985 P.2d 746, 749 (1999) (reviewing a district court's decision to quash service for an abuse of discretion); *cf. Grey v. Grey*, 111 Nev. 388, 390, 892 P.2d 595, 597 (1995) (vacating an order based on the failure to timely file a document where the record supported an inference that the clerk's office caused the filing delay).

that when the recipient of an attorney fee award is no longer the prevailing party, "the award should be reversed on that ground alone"). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

cc:     Hon. David M. Jones, District Judge
        Robison, Sharp, Sullivan & Brust
        Fox Rothschild, LLP/Las Vegas
        Epport, Richman & Robbins, LLP
        Eighth District Court Clerk

---

[5]We deny VFCU's September 11, 2020, motion because the documents would not show what occurred in the district court, as they were not part of the district court proceeding. See NRAP 10(c) (providing that a party may seek to correct the record where "any difference arises about whether the trial court record truly discloses what occurred in the district court").

SUPREME COURT
OF
NEVADA

(O) 1947A